UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

KASANDRA L. SPRIGGS,
A.T.B., a minor by his mother
and legal guardian, Kasandra L Spriggs,
P.E.B., a minor by his mother
and legal guardian, Kasandra L. Spriggs,

   Plaintiffs,

v.

KORDUN EXPRESS, INC., FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC.
TIME LOGISTICS, INC. and
DANIEL L. SARAIVA

   Defendants.

ELECTRONICALLY FILED
Mar 08 2022
U.S. DISTRICT COURT
Northern District of WV

CIVIL ACTION NO.: **1:22-CV-19 (Kleeh)**

## NOTICE OF REMOVAL

TO: Jean Friend, Clerk    Paul R. Cranston, Esq.
   Circuit Court of Monongalia County J. Brian Shockley, Esq.
   75 High Street, Suite 12   Cranston & Edwards, PLLC
   Morgantown, WV 26505   Dorsey Avenue Professional Bldg.
           1200 Dorsey Avenue, Suite 2
           Morgantown, WV  26501

   Christopher M. Settles, Esq.
   Law Office of Christopher M. Settles
   P.O. Box 5218
   Charleston, WV  25361

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that the Defendants, Kordun Express, Inc., and Floyd, Inc. have removed the above-captioned case from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg Division.  In support of this Notice of Removal, Defendants state as follows:

## BACKGROUND

1. On or about February 9, 2022, Plaintiffs Kasandra L. Spriggs, and her two minor children A.T.B. and P.E.B, filed their First Amended Complaint in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 22-C-22.

2. Defendant Kordun Express, Inc. is a corporation and was served with the First Amended Complaint via West Virginia Secretary of State's Office on or about February 15, 2022.

3. Defendant Floyd, Inc. is a corporation and was served with the First Amended Complaint via West Virginia Secretary of State's Office on or about February 15, 2022.

4. Defendant Super Ego Logistics, LLC is a corporation and was served with the First Amended Complaint via West Virginia Secretary of State's Office on or about February 15, 2022.

5. Defendant Co Lines, Inc. is a corporation and was served with the First Amended Complaint via West Virginia Secretary of State's Office on or about February 15, 2022.

6. Defendant Time Logistics, Inc. is a corporation and service of the First Amended Complaint via West Virginia Secretary of State's Office was attempted on or about February 15, 2022. Time Logistics, Inc. has not been served as of the date of this filing.

7. Defendant Daniel J. Saraiva was operating the tractor-trailer at the time of the motor vehicle accident, and he has not yet been served as of the date of this filing.

8. Underinsured Motorist Carrier GEICO Casualty Company is a corporation and was served with the First Amended Complaint via West Virginia Secretary of State's Office on or about February 15, 2022.

9. The First Amended Complaint alleges that Defendant Daniel J. Saraiva, in the scope of his employment, was operating a tractor-trailer owned/leased through a joint venture among Defendants Kordun Express, Inc., Floyd, Inc., Super Ego Logistics, LLC, Co Lines, Inc., and/or Time Logistics, Inc., when he negligently crashed into the rear of four different vehicles, including Plaintiffs' vehicle, on Interstate 68 in Bruceton Mills, Preston County, West Virginia, resulting in "personal injury damages" to Plaintiff Kasandra L. Spriggs and her two minor children, Plaintiffs A.T.B. and P.E.B. First Am. Compl. ¶¶1-3, 21, 26-27, 30, and 42. Plaintiff alleges that Defendants Kordun Express, Inc., Floyd, Inc., Super Ego Logistics, LLC, Co Lines, Inc., and/or Time Logistics, Inc., are vicariously liable for the negligent conduct of Defendant Daniel J. Sariava and further alleges that they were negligent in maintaining the subject tractor-trailer, and negligent in hiring, training, and supervising Defendant Daniel J. Sariava, First Am. Compl. ¶34, 43-44. As a result of the accident, Plaintiffs allege they sustained "personal injury damages and harm, both physical and psychological, including, but not limited to, physical pain, emotional suffering, mental anguish and loss of enjoyment of life." First Am. Compl. ¶¶46-48. Plaintiffs allege that their "injuries and harm (which include both physical and psychological injuries) are believed to be permanent and/or long-lasting injuries that will continue to cause them to continue to suffer damages in the future and potentially for the remainder of their lives." First Am. Compl. ¶49. Plaintiffs also contend they have sustained loss of parental consortium damages and loss of filial consortium damages. First Am. Compl. ¶¶50-51. Plaintiffs further seek the recovery of compensatory damages, general damages, punitive damages, pre- and post-judgment interest, costs, and attorney fees. First Am. Compl. at 17-18 ("Wherefore Clause).

## THE PARTIES

10. Plaintiffs reside in Monongalia County, West Virginia. (First Am. Compl. ¶7)

11. Kordun Express, Inc., is a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business in Illinois. Kordun Express, Inc. from time to time utilizes public highways in West Virginia in furtherance of its business, and neither its president nor chief officer resides in West Virginia.

12. Floyd, Inc., is a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business in Illinois. Floyd, Inc. from time to time utilizes public highways in West Virginia in furtherance of its business, and neither its president nor chief officer resides in West Virginia.

13. Super Ego Logistics, LLC, is a limited liability company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. Super Ego Logistics, LLC, from time to time utilizes public highways in West Virginia in furtherance of its business, and neither its president nor chief officer resides in West Virginia.

14. Co Lines, Inc., is a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business in Illinois. Co Lines, Inc. from time to time utilizes public highways in West Virginia in furtherance of its business, and neither its president nor chief officer resides in West Virginia.

15. Time Logistics, Inc., is a corporation incorporated and existing under the laws of the State of Illinois with its principal place of business in Illinois. Time Logistics, Inc. from time to time utilizes public highways in West Virginia in furtherance of its business, and neither its president nor chief officer resides in West Virginia.

16. Upon information and belief, Defendant Daniel J. Saraiva is a citizen of Florida.

17. Underinsured Motorist Carrier GEICO Casualty Company is a corporation incorporated and existing under the laws of the state of Maryland with its principal place of business located in Maryland. GEICO Casualty Company conducts business in West Virginia, and neither its president nor chief officer resides in West Virginia.

## BASIS OF REMOVAL

18. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and this civil action may be removed to this Court by Defendants pursuant to the provisions of U.S.C. §1441 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

19. Plaintiffs and Defendants are citizens of different states.

20. Although Plaintiffs did not specifically plead an amount of damages in their First Amended Complaint, this case may be removed because it is facially apparent from the Complaint that Plaintiffs seek damages in excess of $75,000.00.

21. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp 2d, 395, 413 (S.D. W. Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages, attorney's fees, and punitive damages. *Id.* at 413-414.

22. In the present case, Plaintiffs seeks damages arising out of a motor vehicle accident wherein Plaintiffs allege they sustained permanent physical and psychological injuries. (First Am. Compl. ¶¶46-49). Plaintiffs allege Defendants' conduct was reckless, negligent,

and/or careless, and are further seeking the recovery of punitive damages. First Am. Compl. ¶44 and at 17-18 ("Wherefore Clause"). As a result of the accident, Plaintiffs allege they sustained "personal injury damages and harm, both physical and psychological, including, but not limited to, physical pain, emotional suffering, mental anguish and loss of enjoyment of life." First Am. Compl. ¶¶46-48. Plaintiffs allege that their "injuries and harm (which include both physical and psychological injuries) are believed to be permanent and/or long-lasting injuries that will continue to cause them to continue to suffer damages in the future and potentially for the remainder of their lives." First Am. Compl. ¶49. Plaintiffs also contend they have sustained loss of parental consortium damages and loss of filial consortium damages. First Am. Compl. ¶¶50-51. Plaintiffs further seek the recovery of compensatory damages, general damages, punitive damages, pre- and post-judgment interest, costs, and attorney fees. First Am. Compl. at 17-18 ("Wherefore Clause).

23. Under West Virginia law, Plaintiffs' recovery is theoretically unlimited and only a binding stipulation that Plaintiffs will not seek nor accept more than $75,000.00 could limit recovery. See *Hicks v. Herbert*, 122 F.Supp. 2d 699 (S.D.W.Va. 2000). Plaintiffs' First Amended Complaint contains no such stipulation and also sets forth claims that Plaintiffs sustained "injuries and harm (which include both physical and psychological injuries) are believed to be permanent and/or long-lasting injuries that will continue to cause them to continue to suffer damages in the future and potentially for the remainder of their lives." First Am. Compl. ¶49. Based on the foregoing, Plaintiffs' First Amended Complaint clearly establishes that Plaintiffs seek the recovery of damages in excess of $75,000.00.

24. Therefore, without conceding that Plaintiffs are entitled to any damages, which is expressly denied by these Defendants as it relates to their conduct, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. If the Court for any reason is inclined to disagree, these Defendants respectfully request the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

25. As required by 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days of receipt of the First Amended Complaint by Defendants and, as such, this Notice of Removal has been timely filed.

26. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiffs, by and through their attorneys of record, and upon the Clerk of the Circuit Court of Monongalia County, West Virginia.

27. Copies of all process, pleadings, and orders received by Defendants in the Circuit Court of Monongalia County, West Virginia, Civil Action Number 22-C-22 are attached hereto and incorporated herein as Exhibit A.

28. Pursuant to Local Rule of Civil Procedure 5.01(c), a copy of the Circuit Court of Monongalia County, West Virginia, Civil Action No. 22-C-22 docket sheet is attached hereto as Exhibit B.

29. As required by 28 U.S.C. § 1446(b), all other properly joined and served Defendants consent to removal. Consents to removal are attached hereto as Exhibit C.

WHEREFORE, Defendants Kordun Express, Inc., and Floyd, Inc., respectfully request that this Court assume full jurisdiction over the cause herein as provided by the law, and that the Circuit Court of Monongalia County, West Virginia, proceed no further in the proceedings.

Defendants further demand that the trial of this matter in federal court be heard by a jury.

                                                KORDUN EXPRESS, INC., and
                                                FLOYD, INC.,
                                                By Counsel

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

KASANDRA L. SPRIGGS,
ABRAM T. BERG., a minor by his mother
and legal guardian, Kasandra L Spriggs,
PARKER E. BERG, a minor by his mother
and legal guardian, Kasandra L. Spriggs,

    Plaintiffs,

v.

KORDUN EXPRESS, INC., FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC.
TIME LOGISTICS, INC. and
DANIEL L. SARAIVA

    Defendants.

CIVIL ACTION NO.: 1:22-CV-19 (Kleeh)

## CERTIFICATE OF SERVICE

I, Heather M. Noel, do hereby certify that on the March 8, 2022, a true copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Paul R. Cranston, Esq.
J. Brian Shockley, Esq.
Cranston & Edwards, PLLC
Dorsey Avenue Professional Bldg.
1200 Dorsey Avenue, Suite 2
Morgantown, WV 26501
*Counsel for Plaintiffs*

Christopher M. Settles, Esq.
Law Office of Christopher M. Settles
P.O. Box 5218
Charleston, WV 25361
*Counsel for UIM Carrier, GEICO*

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
Sara E. Brown (W. Va. Bar No. 11999)
MacCorkle Lavender PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile (304) 599-8141
hnoel@mlclaw.com
sbrown@mlclaw.com