# EXHIBIT A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0003 4420 53



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
888-767-8683
**Visit us online:**
www.wvsos.com

KORDUN EXPRESS INC
BILJANA MIMIC
765 IL ROUTE 83
SUITE 115
BENSENVILLE, IL 60106

**Control Number:** 286567

**Defendant:** KORDUN EXPRESS INC
765 IL ROUTE 83
SUITE 115
BENSENVILLE, IL 60106 US

**Agent:** BILJANA MIMIC

**County:** Monongalia

**Civil Action:** 22-C-22

**Certified Number:** 92148901125134100003442053

**Service Date:** 1/25/2022

I am enclosing:

**1 discovery, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State



**SUMMONS**

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KASANDRA L. SPRIGGS,
ABRAM T. BERG, a minor by his mother and legal guardian, Kasandra L. Spriggs,
PARKER E. BERG, a minor by his mother and legal guardian, Kasandra L. Spriggs

**PLAINTIFF(S),**

VS.                                          CIVIL ACTION NO. 22-C-22

KORDUN EXPRESS, INC.,
c/o Biljana Mimic, 765 IL Route 83, Suite 115, Bensenville IL 60106
FLOYD, INC.
c/o Aleksandar Mimic, 729 IL Route 83, Suite 324, Bensenville IL 60106
SUPER EGO LOGISTICS, LLC
c/o Aleksandar Mimic, 621 IL Route 83 Suite 240, Bensenville IL 60106
CO LINES, INC.
c/o Zoran Nikolovski, 611 Vandustrial Drive Suite B, Westmont IL 60559
AND
DANIEL J. SARAIVA
11450 SPC Boulevard, Orlando FL 32837

**DEFENDANT(S).**

To the above-name Defendants:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve **PAUL R.**

**CRANSTON** whose address is 1200 Dorsey Avenue, Suite II, Morgantown WV 26501 an answer including any

related counterclaim you may have to the complaint filed against you in the above-styled civil action, a true copy of

which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons

upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the

relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may

have which must be asserted by counterclaim in the above-styled action.

DATED:  January 21, 2022

_Jean Friend_

JEAN FRIEND, CLERK
MONONGALIA CO. CIRCUIT COURT

BY _Susan Trowbridge_
DEPUTY CLERK

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KASANDRA L. SPRIGGS,
ABRAM T. BERG, a minor, by
his mother and legal guardian,
Kasandra L. Spriggs, and
PARKER E. BERG, a minor,
by his mother and legal guardian,
Kasandra L. Spriggs,

        Plaintiffs,

v.                          //    Civil Action No. _22-C-22_

KORDUN EXPRESS, INC.,
FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC., and
DANIEL J. SARAIVA,

        Defendants.

## COMPLAINT

NOW COME the Plaintiffs, Kasandra L. Spriggs, Abram T. Berg and Parker E. Berg, by counsel, and for their Complaint[1] against the Defendants, Kordun Express, Inc., Floyd, Inc., Super Ego Logistics, LLC, Co Lines, Inc. and Daniel J. Saraiva, allege as follows:

### PREFACE

1.    This case involves a violent motor vehicle crash that occurred on August 9, 2020, on a public roadway in West Virginia known as Interstate 68 ("I-68").

2.    The crash was caused by the negligence, carelessness, gross negligence

---

[1] PLEASE NOTE: Prior to the filing of this Complaint, the Plaintiffs attempted to reach a fair settlement of their claims with the Defendants' liability insurance company, American Inter-Fidelity Exchange, but said insurance company failed and refused to provide the Plaintiffs with a fair settlement offer. Thus, the Plaintiffs were forced to file this Complaint.

and/or recklessness of the Defendants as alleged herein, which resulted in the Defendants' tractor-trailer crashing into the rear of four (4) different vehicles, including the Plaintiffs' 2016 Nissan Rogue ("Nissan").

*Defendants' Tractor-Trailer*



*Plaintiffs' Nissan*



3.    Plaintiff Kasandra L. Spriggs and her two young children, Plaintiffs Abram T. Berg (3 years old) and Parker E. Berg (1 year old), sustained personal injury damages

2

from the crash.

4.     The Defendants are liable to the Plaintiffs for both compensatory and punitive damages.

5.     Jurisdiction and venue are proper in the Circuit Court of Monongalia County, West Virginia, and this Court has personal jurisdiction over each of the parties hereto. *See* W. Va. Code §§ 56-3-31 and 56-3-33(a).

### THE PARTIES

6.     All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

7.     The Plaintiffs are residents of Monongalia County, West Virginia.

8.     Plaintiff Kasandra L. Spriggs is the mother and legal guardian of Plaintiffs Abram L. Berg, a minor, and Parker E. Berg, a minor.

9.     Defendant Kordun Express, Inc. ("Kordun") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

10.     Defendant Floyd, Inc. ("Floyd") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

11.     Defendant Super Ego Logistics, LLC ("Ego") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic LLC) that has done business, at all relevant times, in West Virginia, including Monongalia County.  Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

12.     Defendant Co Lines, Inc. ("Co Lines") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County.  Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

13.     Defendant Daniel J. Saraiva ("Saraiva") is the individual who was driving the Defendants' tractor-trailer at the time of the crash described in this Complaint.

14.     Defendant Kordun is registered with the Federal Motor Carrier Safety Administration under DOT Number 1606904 as an active interstate hazmat freight carrier.

15.     Defendant Floyd is registered with the Federal Motor Carrier Safety Administration under DOT Number 2903977 as an active interstate general freight carrier.

16.     Defendant Ego is registered with the Federal Motor Carrier Safety Administration under DOT Number 3288433 as an active broker of property.

17.     Defendant Co Lines is registered with the Federal Motor Carrier Safety Administration under DOT Number 2202732 as an active interstate general freight carrier.

18.     On information and belief, at all times relevant to this case, Defendants, Kordun, Floyd, Ego and Co Lines acted in concert and as agents of each other in

4

conducting business and engaged in a joint venture, joint enterprise, partnership and/or business relationship for the purposes of making a profit, for which they combined property, money, effects, skill and knowledge, or some combination thereof, so as to make each such Defendant liable for the acts and omissions of the other in carrying out such business relationship, including, but not limited to, the acts and omissions described in this Complaint.

19.    On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual businesses pursuits, Defendants Kordun, Floyd, Ego and Co Lines, at times relevant herein, owned, leased and/or otherwise used trucks and semi-trailers in furtherance of their business interests, including, but not limited to, the tractor-trailer involved in the crash described in this Complaint.

20.    On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual business pursuits, Defendants Kordun, Floyd, Ego and Co Lines, at times relevant herein, employed or otherwise retained individuals to drive these trucks in furtherance of their business interests, including, but not limited to, Defendant Saraiva, at and prior to the time of the crash described in this Complaint.

21.    On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual business pursuits Defendants Kordun, Floyd, Ego and Co Lines, at times relevant herein, used these trucks and trailers and individual drivers to transport products and/or materials on public roadways across the United States, including public highways in the state of West

5

Virginia, in furtherance of their business interests.

## GENERAL ALLEGATIONS

22.    All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

23.    On August 9, 2020, and at all other times material hereto, one or more of the Defendants owned, leased and/or were otherwise in possession of a 2016 International Truck Tractor (VIN # 3HSDJAPR5GN285389) with attached semi-trailer (VIN # 1UYVS2536J6252012) (the "Tractor-Trailer").

24.    On or before August 9, 2020, Defendants Kordun, Floyd, Ego and/or Co Lines hired or otherwise retained Defendant Saraiva as a truck driver and authorized him to drive the Tractor-Trailer.

25.    On August 9, 2020, and at all other times relevant hereto, Defendant Saraiva was an agent, apparent agent, employee and/or servant of Defendants Kordun, Floyd, Ego and Co Lines, and was acting within the course and scope of such agency, apparent agency, employment and/or servitude with Defendants Kordun, Floyd, Ego and Co Lines.

26.    At all times relevant hereto, Defendants Kordun, Floyd, Ego and Co Lines are vicariously liable for the acts and omissions of its agents, apparent agents, employees and/or servants, including but not limited to, all of the negligent, careless, grossly negligent, reckless and other wrongful acts and omissions of Defendant Saraiva alleged in this Complaint.

27.    Defendants Kordun, Floyd, Ego, Co Lines and Saraiva are also individually liable for their own acts and omissions, including, but not limited to, all of its negligent,

careless, grossly negligent, reckless and other wrongful acts and omissions alleged in this Complaint.

28.     On August 9, 2020, Defendant Saraiva operated the Tractor-Trailer in an unreasonable, dangerous, unsafe and illegal manner on I-68 in West Virginia, and violently crashed into the rear of Plaintiff Kasandra L. Spriggs' Nissan, causing Plaintiff Kasandra L. Spriggs and her minor children, Plaintiffs Abram T. Berg and Parker E. Berg, to suffer personal injury damages, as alleged in this Complaint.

29.     On August 9, 2020, and at all other times relevant herein, Defendant Saraiva was operating the Tractor-Trailer with the express and implied authorization and permission of Defendants Kordun, Floyd, Ego and Co Lines and within the course and scope of his agency, apparent agency, employment and/or servitude with Defendants Kordun, Floyd, Ego and Co Lines, so as to impose liability on Defendants Kordun, Floyd, Ego and Co Lines pursuant to agency, *respondeat superior*, negligent entrustment and/or similar theory of law.

30.     On August 9, 2020, and at other times relevant to this action, Defendants Kordun, Floyd, Ego and Co Lines, as the owner(s), lessor(s) and/or lessee(s) of the Tractor-Trailer, owed certain duties and responsibilities to the public, including, but not limited to:

   a.     Ensuring that the Tractor-Trailer was properly maintained and safe for operation on public roadways;

   b.     Ensuring that only qualified drivers operated the Tractor-Trailer;

   c.     Ensuring that all drivers of the Tractor-Trailer were properly trained;

   d.     Ensuring that all drivers of the Tractor-Trailer were properly

supervised; and

e.   Ensuring that the Tractor-Trailer was operated in a safe and prudent

manner.

31.   On August 9, 2020, and at all other times relevant hereto, the Defendants knew or should have known that the Tractor-Trailer was a large, heavy vehicle that required great distances to stop, and that it was essential for public safety that the driver of this commercial vehicle maintain a proper lookout and travel at a safe speed and proper distance from other vehicles to be able to effectively stop and avoid colliding with other vehicles.

32.   On August 9, 2020, and at all other times relevant hereto, the Defendants knew or should have known that it was essential for public safety that the driver of the Tractor-Trailer be properly rested, alert, attentive to his driving, and pay attention to the roadway at all times.

33.   On August 9, 2020, and at all other times relevant hereto, the Defendants knew or should have known that it was essential for public safety that the Tractor-Trailer be properly maintained and operated in a safe and prudent manner.

## THE CRASH

34.   All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

35.   On August 9, 2020, Defendant Saraiva was operating the Tractor-Trailer, traveling westbound on I-68 in West Virginia.

36.   On August 9, 2020, at approximately 7:17 p.m., Plaintiff Kasandra L. Spriggs was operating her Nissan in a safe and prudent manner, traveling westbound on

I-68 in West Virginia.

37.    At said time and place, Plaintiff Kasandra L. Spriggs was stopped in traffic near mile marker 20 of I-68 West, due to a motor vehicle collision that had occurred ahead.

38.    At said time and place, Defendant Saraiva drove the Tractor-Trailer westbound into the stopped traffic at an excessive and unreasonably dangerous rate of speed for the circumstances and violently crashed into at least four (4) different vehicles, including the Plaintiffs' Nissan.

39.    The Plaintiffs sustained personal injury damages, including, but not limited to physical, emotional and psychological injuries from the crash.

40.    At and prior to the time of the crash, Defendant Saraiva breached his duty of care in the operation of the Tractor-Trailer and violated the West Virginia Motor Vehicle Code and other laws and safety rules designed to protect the innocent public, by, among other things:

      a.    Driving the heavy Tractor-Trailer at an excessive and unreasonably dangerous rate of speed—a speed that was greater than what was reasonable under the circumstances;

      b.    Failing to exercise appropriate care and caution when approaching stopped vehicles;

      c.    Failing to maintain a proper lookout;

      d.    Failing to maintain control;

      e.    Failing to pay proper attention to the roadway and the traffic;

      f.    Failing to be properly rested, alert and attentive to his driving;

g.   Failing to maintain proper speed for the conditions;

h.   Failing to reduce speed of his vehicle to avoid a collision;

i.   Failing to control the vehicle in order to avoid a collision; and

j.   Crashing into the Plaintiffs' vehicle (and others on the roadway).

41.   At and prior to the time of the crash, Defendants Kordun, Floyd, Ego, Co Lines and Saraiva breached one or more duties of care owed to the innocent public, including the Plaintiffs, with respect to the Tractor-Trailer.

42.   At and prior to the time of the crash, Defendants Kordun, Floyd, Ego, and Co Lines, individually and by and through their employees, servants and/or other agents, were negligent, careless, grossly negligent and/or reckless in one or more of the following respects:

a.   Failing to exercise proper care to ensure that only qualified, rested and safe drivers operated the Tractor-Trailer;

b.   Failing to exercise proper care to ensure that all drivers of the Tractor-Trailer were properly trained;

c.   Failing to exercise proper care to ensure that all drivers of the Tractor-Trailer were properly supervised;

d.   Failing to exercise proper care to ensure that the Tractor-Trailer was operated in a safe and prudent manner; and/or

e.   Failing to exercise proper care to ensure that that the Tractor-Trailer was properly maintained and safe for operation on public roadways.

43.   The negligence, carelessness, gross negligence, recklessness and/or other wrongful conduct of the Defendants, as alleged in this Complaint and as will be further

developed in discovery, proximately caused or contributed to the crash.

44.    As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence, recklessness and/or other wrongful conduct in causing the crash, Plaintiff Kasandra L. Spriggs sustained bodily injuries and harm, physical pain, emotional suffering, mental anguish, medical expenses and loss of enjoyment of life.

45.    As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence and/or recklessness and/or other wrongful conduct in causing the crash, the minor Plaintiff Abram T. Berg, also sustained bodily injuries and harm, physical pain, emotional suffering, mental anguish, medical expense and loss of enjoyment of life.

46.    As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence and/or recklessness and/or other wrongful conduct in causing the crash, the minor Plaintiff Parker E. Berg, also sustained bodily injuries and harm, physical pain, emotional suffering, mental anguish, medical expense and loss of enjoyment of life.

47.    Some or all of the Plaintiffs' injuries and harm (which include both physical and psychological injuries) are believed to be permanent and/or long-lasting injuries that will continue to cause them to continue to suffer damages in the future and potentially for the remainder of their lives.

48.    As a further direct and proximate result of the Defendants' negligence, carelessness, gross negligence, recklessness and/or other wrongful conduct in causing the crash and the resulting injuries to Plaintiff Kasandra L. Spriggs, Plaintiffs Abram T. Berg and Parker E. Berg have suffered losses of parental consortium damages and may

be expected to continue to suffer such damages in the future as their mother, Kasandra L. Spriggs, continues to suffer from her injuries.

49.   As a further direct and proximate result of the Defendants' negligence, carelessness, gross negligence and/or recklessness in causing the crash and resulting injuries and harm to Plaintiffs Abram T. Berg and Parker E. Berg, Plaintiff Kasandra L. Spriggs has suffered loss of filial consortium damages.

50.   At all times relevant to this case, it was reasonably foreseeable to the Defendants that the negligent, careless, grossly negligent and/or reckless operation of the Tractor-Trailer on a public roadway such as I-68 in West Virginia could cause serious injury or death to the innocent public.

## COUNT I – NEGLIGENCE DEFENDANT DANIEL J. SARAIVA

51.   All preceding allegations of this Complaint are incorporated fully herein by reference as if restated verbatim.

52.   At all relevant times, Defendant Saraiva owed the Plaintiffs and the public at large a duty to use reasonable care in operating and controlling the Tractor-Trailer.

53.   Defendant Saraiva failed to use reasonable care in his operation of the Tractor-Trailer when he approached and drove into the stopped traffic on I-68 and crashed into the rear of the Plaintiffs' Nissan (and into other vehicles on the roadway).

54.   At and prior to the time of the crash, Defendant Saraiva drove the Tractor-Trailer in a careless, negligent, grossly negligent, reckless and unreasonably dangerous and unsafe manner without regard to the safety of the innocent public.

55.   At and prior to the time of the crash, Defendant Saraiva operated the Tractor-Trailer in such a negligent, careless, grossly negligent and/or reckless manner so as to indicate a willful, wanton, reckless and/or conscious disregard for the rights and safety of other persons lawfully using the highway, and in particular, the rights and safety of Plaintiffs.

56. As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and other wrongful acts and omissions of Defendant Saraiva, as summarized above and as will be further developed in discovery, the Plaintiffs sustained the injuries and damages described in this Complaint.

## COUNT II -- VICARIOUS LIABLITY DEFENDANTS KORDUN, FLOYD, EGO AND CO LINES

57. All preceding allegations of this Complaint are incorporated fully herein by reference as if restated verbatim.

58. The above-described acts and omissions of Defendant Saraiva were committed within the course and scope of his agency, apparent agency, employment and/or servitude relationship with Defendants Kordun, Floyd, Ego and Co Lines so as to impose liability on Defendants Kordun, Floyd, Ego and Co Lines.

59. Defendants Kordun, Floyd, Ego and Co Lines are vicariously liable to the Plaintiffs for the above-described acts and omissions of Defendant Saraiva.

## COUNT III – DIRECT LIABILITY AGAINST DEFENDANTS KORDUN, FLOYD, EGO AND CO LINES FOR NEGLIGENT AND RECKLESS HIRING, RETENTION, TRAINING AND SUPERVISION OF DEFENDANT SARAIVA

60. All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

61. At and prior to the time of the crash, Defendants Kordun, Floyd, Ego and Co Lines had a duty to promulgate, enforce, and ensure proper safety rules, regulations, policies, and procedure were in place for hiring and retaining safe, qualified drivers to protect the motoring public.

62. Among other things, the Defendants were required to teach, train, and supervise Defendant Saraiva so that he was able to understand and obey all applicable driving safety rules, including, in particular, those applicable to the operation of the

Tractor-Trailer.

63. On information and belief, the Defendants knew, had reason to know, or should have known by exercising reasonable care that Defendant Saraiva was unsafe, unqualified, needed training and/or needed supervision to drive the Tractor-Trailer.

64. On information and belief, the Defendants negligently, carelessly, grossly negligently and/or recklessly breached their legal duties in one for more of the following respects:

a. Hiring, retaining and/or contracting with Defendant Saraiva to drive the Tractor-Trailer;

b. Failing to properly train Defendant Saraiva;

c. Failing to properly supervise Defendant Saraiva;

d. Failing to properly monitor and supervise their drivers;

e. Entrusting Defendant Saraiva with the Tractor-Trailer;

f. Failing to exercise the degree of care which a reasonable and prudent company operating large trucks/tractor-trailers would have exercised under the same or similar circumstances;

g. Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a tractor trailer or other commercial motor vehicle;

h. Violating trucking and/or commercial motor vehicle industry safety rules;

i. Failing to enact, follow and/or enforce applicable rules and policies for the safe operation of large trucks, tractor-trailers and/or other commercial vehicles on public roadways;

j. Failing to enact, follow and/or enforce applicable rules and policies regarding the hiring, training and supervision of drivers;

k. Negligently hiring, training, supervising, and entrusting Defendant

Saraiva with the Tractor-Trailer;

l.     Breaching one or more of the duties previously set forth in this Complaint; and/or

m.    Such other and further reasons that the evidence may show at the trial of this case.

65.    As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence, recklessness and/or conscious disregard for the rights and safety of other persons lawfully using the highway, Defendant Saraiva, on information and belief, was unqualified, untrained, unsupervised and/or otherwise unfit to operate the Tractor-Trailer, which he did in a negligent, careless, grossly negligent and/or reckless manner, thereby causing the injuries and damages to the Plaintiffs that are summarized in this Complaint.

## COUNT IV – NEGLIGENT ENTRUSTMENT DEFENDANTS KORDUN, FLOYD AND EGO

66.    All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

67.    On information and belief, at and prior to the time of the crash, Defendants Kordun, Floyd, Ego and Co Lines knew or reasonably should have known that Defendant Saraiva was not a suitable driver for the Tractor-Trailer and/or for the trip/job he was on at the time of the crash, and were negligent, careless, grossly negligent and/or reckless in entrusting the Tractor-Trailer to him.

68.    At and prior to the time of the crash, it was reasonably foreseeable to Defendants Kordun, Floyd, Ego and Co Lines that Defendant Saraiva would not be able to safely handle or operate the Tractor-Trailer and would negligently cause a collision, thereby harming others.

69.    As a direct and proximate result of Defendants Kordun, Floyd, Ego, and Co Lines direct negligence, carelessness, gross negligence and/or recklessness in

entrusting the Tractor-Trailer to Defendant Saraiva, the Plaintiffs sustained the injuries and damages described in this Complaint.

## COUNT V – NEGLIGENT MAINTENANCE AGAINST DEFENDANTS

70.    All preceding allegations of this Complaint are incorporated fully herein by reference as if restated verbatim.

71.    At all times relevant herein, the Defendants, individually and jointly, had a duty to ensure that the Tractor-Trailer was properly maintained and safe for operation, and was not overloaded at any time.

72.    To the extent that the lack of maintenance or failure to properly maintain the Tractor-Trailer proximately caused or contributed to the crash (e.g., the brakes were not properly maintained, did not function properly and contributed the crash), the Plaintiffs hereby allege claims of negligent, careless, grossly negligent and reckless maintenance against the Defendants.

## COUNT VI – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

73.    All preceding allegations in this Complaint are incorporated fully herein by reference as if restated.

74.    The conduct of Defendants in this case, as summarized above and as will be further developed discovery, was grossly negligent, reckless and constitutes a conscious, reckless and outrageous indifference to the health, safety and welfare of others, and the imposition of punitive damages is warranted to punish the Defendants for their misconduct and to deter the Defendants and others from following a like course.

**WHEREFORE**, the above-described conduct of the Defendants, Kordun, Floyd, Ego, Co Lines, and Saraiva, has directly and proximately caused injury and damages to the Plaintiffs, and the Plaintiffs demand the following relief against the Defendants jointly and severally:

16

(a)   Compensatory damages for all past, present and future medical expenses, loss of earnings and loss of earning capacity damages, loss of services, miscellaneous expenses and all other special damages in a fair and just amount determined by the jury;

(b)   General damages for all past, present and future pain and suffering, mental anguish, permanent injury, embarrassment, inconvenience, loss of society, service and companionship (including, but not limited to, damages for loss of spousal and parental consortium), loss of the enjoyment of life and emotional distress in a fair and just amount determined by the jury;

(c)   Punitive damages in a fair and just amount;

(d)   Pre-judgment and post-judgment interest;

(e)   Cost and attorney's fees expended in this action; and

(f)   Such other further general or specific relief which the Court may deem proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Plaintiffs,
By Counsel

Paul R. Cranston, Esq. (W.Va. Bar #5191)
**CRANSTON & EDWARDS, PLLC**
Dorsey Avenue Professional Bldg.
1200 Dorsey Avenue, Suite II
Morgantown, West Virginia 26501
Phone: (304) 296-3500
Fax: (304) 296-3600
E-Mail: pcranston@cranstonedwards.com

17

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KASANDRA L. SPRIGGS,
ABRAM T. BERG, a minor,
by his mother and legal guardian,
Kasandra L. Spriggs, and
PARKER E. BERG, a minor,
by his mother and legal guardian,
Kasandra L. Spriggs,

            Plaintiffs,

v.                                              //    Civil Action No. 22-C-22

KORDUN EXPRESS, INC.,
FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC., and
DANIEL J. SARAIVA,

            Defendants.

### PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS TO DEFENDANTS KORDUN EXPRESS, INC., FLOYD, INC., SUPER EGO LOGISTICS, LLC AND CO LINES, INC

Pursuant to Rules 33, 34 and 36 of the West Virginia Rules of Civil Procedure, the Plaintiffs, KASANDRA L. SPRIGGS, ADAM T. BERG and PARKER E. BERG  hereby request that the Defendants, KORDUN EXPRESS, INC., FLOYD, INC. SUPER EGO LOGISTICS, LLC, and CO LINES, INC, **individually** respond to the Plaintiffs' requests for discovery made herein, under oath, within forty-five (45) days from the date of service hereof, and when requested to produce documents that they be produced at the Law Office of Cranston & Edwards, PLLC, 1200 Dorsey Avenue, Suite II, Morgantown, West Virginia 26501, at or before the expiration of said forty-five (45) days.  Your failure to

respond within said forty-five (45) days may result in sanctions and/or other adverse consequences.

## DEFINITIONS AND INSTRUCTIONS

"Identify" as used in these Requests shall mean with regard to a person or entity, the current or last known home and business address and home and business telephone number, as well as the person or entity's full name, and with regard to documents, shall mean the title of the document, date, author(s), recipient(s) of originals or copies, and brief description of the document. Once a person, entity or document has been identified in response to any Request, and provided no requested information concerning such person, entity or document is different from that provided for the earlier identification, it shall be sufficient thereafter to identify such person, entity or document by name only.

"You" and "your" shall refer to the Defendant responding to the Requests and its insurance carriers, adjusters, investigators, attorneys, agents and other representatives. **Accordingly, the Defendant is responsible for identifying and producing all information and documents in the possession of its insurance carriers.**

The "Tractor-Trailer" shall refer to the 2016 International Truck Tractor (VIN # 3HSDJAPR5GN285389) with attached semi-trailer that was being driven by Defendant Daniel J. Saraiva at the time of the crash described in the Plaintiffs' Complaint in this case.

"The crash," "this crash" and "the subject crash" shall refer to the crashes or collisions involving Tractor-Trailer that occurred on August 9, 2020, that are described in the Complaint, including, in particular, the collision between Tractor-Trailer and Plaintiff Kasandra L. Spriggs' Nissan.

With regard to any interrogatory, request for admission, or request for production of documents or other tangible things that you consider to be a request for privileged material please state the following in each appropriate instance:

(a)  The nature of the privilege upon which you rely, (i.e., attorney-client privilege, or work product privilege, etc.);

(b)  If a privileged communication, the parties to said communication, whether said communication was in writing or oral, or oral and later reduced to writing, the date of said communication and the place where said communication occurred;

(c)  A brief description of the communication or document claimed to be privileged so that the Plaintiff may know the reason for the Defendant's claim that the privilege attached to the particular communication or document, including the title or description of said document or communication.

## INTERROGATORIES

Please provide full and complete answers the each of the following Interrogatories:

**Interrogatory No. (1)**:     Did Daniel J. Saraiva have a valid driver's license at the time of the crash described in the Complaint? If so, please state the following:

a.  The full name and address shown on such license;

b.  The date of issuance;

c.  The number of the license;

d.  The state of issuance;

e.  The date of expiration; and

f.  Any restrictions pertaining to the license.

**Interrogatory No. (2)**:     Please list all vehicles, including, but not limited to, all truck tractors and trailers and other commercial vehicles, that you have owned, leased

and/or used in your business at any time during the past ten (10) years, including the make, model, year and vin # of each such vehicle/trailer, and the period of time during which you owned, leased and/or used such vehicle/trailer.

**Interrogatory No. (3):**    Please identify all persons you have employed, retained or otherwise used to drive truck tractors or other commercial vehicles over the past ten (10) years, including, for each such person, the person's name, last known addresses, last known phone number, whether such person had a commercial driver's license, the person's qualifications to operate a truck tractor or other commercial vehicle, whether the person was an employee of yours (if not, describe such person's business relationship – e.g., independent contractor retained for a particular job), the person's period of employment (or independent contractor or other relationship with you), and, if such person is no longer employed by you (or no longer driving trucks or commercial vehicles for you), the reasons such person is no longer employed/driving trucks or commercial vehicles for you.

**Interrogatory No. (4):**    Please list and describe all vehicular accidents (including the date, place and identity of the driver(s) involved) involving your company, your company's drivers and/or any vehicle owned or leased by your company over the past ten (10) years.  If any of these accidents have resulted in a claim by any person for personal injury (or wrongful death damages), please also provide the name, address and phone number for each claimant (and the claimant's attorneys), the claim number, the court and civil action number if any lawsuit was filed, the results of the claim, and the details of the accident.

**Interrogatory No. (5):**    Has any person, while operating a tractor-trailer or other commercial vehicle for you or your benefit (including, but not limited to, while hauling

products, goods, materials or other items for your business) been issued a citation or traffic ticket for a moving violation during the past ten (10) years? If so, please state the following with respect to each such citation or traffic ticket:

    (a)    The name of the state, county and or city in which the citation or traffic ticket was issued;

    (b)    The date of such citation or traffic ticket;

    (c)    The reasons for the citation or traffic ticket;

    (d)    The name, last known address and telephone number of the driver involved;

    (e)    The make, model, year, and vin # of the vehicle the driver was operating; and

    (f)    Your company's relationship to the driver and the vehicle.

**Interrogatory No. (6):**    Please state the name, address and telephone number of each and every person whom you believe to have any knowledge with respect to the allegations set forth in the Complaint and/or your defenses thereto or any other relevant factual matter related to your denial of wrongdoing in this civil action. Also, please include a summary of those relevant facts within each such person's knowledge.

**Interrogatory No. (7):**    Please state the name, address and telephone number of every person or entity, other than yourself, that you claim is or may be liable to the Plaintiffs as alleged in the Complaint.

**Interrogatory No. (8):**    Please state those facts which support your belief that each of those persons or entities listed in your response to the preceding Interrogatory is or may be liable to the Plaintiffs. This Interrogatory seeks the factual basis upon which you believe any other person, including but not limited to, co-Defendants, may be liable

to the Plaintiffs for the occurrences complained of in this case. It requires more than a recitation of the allegation in Plaintiffs' Complaint against other co-Defendants.

**Interrogatory No. (9):**   Have you, or has anyone on your behalf, taken the statement of any person with respect to the allegations set forth in the Complaint or your defenses thereto? If so, please state:

    (a)   The name, address and telephone number of the person who gave each such statement;

    (b)   The date, or if the exact date is unknown, the approximate date when each such statement was given;

    (c)   The name, address and telephone number of the person or persons to whom each such statement was given;

    (d)   Whether each such statement was oral or written;

    (e)   The substance of each such statement; and

    (f)   If such statement was in written form, the name, address and telephone number of the persons currently in possession of such written statement.

**Interrogatory No. (10):**   With respect to each and every expert whom you intend to call at the trial of this matter, please state:

    (a)   The name, address and telephone number of each such expert;

    (b)   The subject matter on which each such expert is expected to testify;

    (c)   The substance of the facts and opinions to which each such expert is expected to testify; and

    (d)   A summary of those grounds for each such opinion.

**Interrogatory No. (11)**:    Please state the name, address and telephone number of each and every person whom you believe to be a potential witness at the trial of this case, and provide a summary of the facts which each such witness may be expected to testify.

**Interrogatory No. (12)**:    Please identify by title, description and substance each and every document and tangible item that you currently believe to be a potential exhibit at the trial of this case.

**Interrogatory No. (13)**:    Please identify, as that term is defined herein, each and every individual who participated in any manner in providing information used to respond to any discovery request contained in this First Set of Combined Discovery Requests herein and identify, as that term is defined herein, with regard to each response which individual provided any such information.

**Interrogatory No. (14)**:    Do you have any motion pictures, videotapes, or photographs concerning in any manner any aspect of this civil action, including those taken for surveillance purposes, regarding damages or otherwise, taken at any time following the accident? If so, please state:

    (a)    the date, time and location on which each was taken;

    (b)    the name, occupation, address, telephone number and employer of the person or persons, who took each;

    (c)    the subject matter of each;

    (d)    the name, occupation, address, telephone number and employer of the present custodian of each;

    (e)    whether all tape or film has been preserved, and if not, what has been deleted, erased or otherwise destroyed and why each such section was deleted, erased or destroyed;

(f)     Please detail what information and what instructions were given to the person or entity hired or employed to obtain any motion pictures, videotapes, or photographs and identify, as that term is defined herein, who provided such information and instructions; and

(g)     Please produce each such motion picture, videotape or photograph described above.

**Interrogatory No. (15):**     Please state whether any traffic citation, criminal warrant, criminal charges or indictments were issued against you or any of the other Defendants as a result of the crash described in the Complaint.

**Interrogatory No. (16):**     If your answer to the above Interrogatory is in the affirmative, please state the following information for each such traffic citation, criminal warrant, criminal charge or indictment:

(a)     The case style and number or citation date and number;

(b)     The name and address of the person(s) signing and issuing the citation, warrant, criminal charge or indictment;

(c)     The specific disposition of the citation, warrant, criminal charge or indictment; and

(d)     If a monetary fine was assessed against you, the name, address and telephone number of the person or entity who paid the fine.

**Interrogatory No. (17):**     Have you made any written or oral report or given any other notice concerning any of the occurrences complained of in this case to any insurance company or agent?

**Interrogatory No. (18):**     If your answer to the preceding Interrogatory is in the affirmative, for each such report or notification state:

(a)     Date same was given;

(b)     Identity of the person to whom it was given;

(c)     Whether it was written or oral;

(d)     Contents of each said report or notification; and

8

(e)    Please produce a copy at the date and time specified herein of each report or notification if the same was in writing.

**Interrogatory No. (19):**    Has any person (other than the Plaintiffs herein), corporation or insurance company filed a claim or complaint against you or put you on notice of claim for damages arising from the collision described in the Complaint? If so, please identify any and all such persons, corporations and insurance companies and, if any such claim or complaint involved damage to another motor vehicle, please produce all photographs of the damages to such vehicle and copies of all damage reports (including repair estimates).

**Interrogatory No. (20):**    Please state the exact nature of your business and of your relationship with the other defendants, at the time of the crash and currently.

**Interrogatory No. (21):**    Please identify Daniel J. Saraiva's employer at the time of the collision described in the Complaint.

**Interrogatory No. (22):**    Please describe in detail Daniel J. Saraiva's entire employment history with you including the following specific information:

(a)    His initial date of hire;

(b)    His job title and job description (including his customary job duties) at the time of the collision described in the Complaint, and the period of time that he held such job title and/or had such job description;

(c)    The duties and/or task he was performing for you at the time of the collision;

(d)    His immediate supervisor at the time of the collision; and

(e)    All prior job titles and job descriptions he had with you, including the dates he held each such job title or had such job description.

**Interrogatory No. (23):**    Please state Defendant Daniel J. Saraiva's intended destination immediately prior to the happening of the crash described in the Complaint.

**Interrogatory No. (24):**   Please list all goods, materials and other items that the Tractor-Trailer was carrying/transporting at the time of the crash described in the Complaint.

**Interrogatory No. (25):**   What was the weight of the Tractor-Trailer at the time of the crash?

## REQUESTS FOR PRODUCTION

Please produce the following documents and tangible things:

**REQUEST NO. 1:**   Copies of any and all policies of insurance, including any and all primary, umbrella and excess policies, which cover or may cover the Defendant and/or Defendant Saraiva for any or all of the allegations set forth in the Complaint filed in this case.

**REQUEST NO. 2:**   If there has been a denial of coverage in any manner or a reservation of rights by any insurance carrier, copies of all correspondence, memorandums, or any other documents relating to any communications between you, your attorney, and the insurance carrier, or any other person, relating to the denial of coverage or reservation of rights.

**REQUEST NO. 3:**   All photographs of the scene, of the vehicles involved (including the 2016 International Truck Tractor (VIN # 3HSDJAPR5GN285389) with attached semi-trailer (the "Tractor-Trailer"), the Plaintiffs' Nissan, the other vehicles identified in the WV Uniform Crash Report, etc.), of the parties involved, and any other factual matter relating to this civil action, taken the day of the crash or anytime thereafter.

**REQUEST NO. 4:**   All job descriptions and other writings that describe or set forth each and every job and position that Defendant Daniel J. Saraiva has ever performed for and/or had with Defendant and/or any of Defendant's parent companies and/or subsidiaries.

**REQUEST NO. 5:**   Copies of all agreements, contracts of employment and other documents, that govern, set forth or otherwise bear on the issue of Daniel J. Saraiva's

11

employer and/or the "course and scope of employment" for which Defendant Daniel J. Saraiva was employed at the time of the crash.

**REQUEST NO. 6:** Copies of all agreements and other documents that govern, set forth or otherwise discuss Defendant's relationship with the other Defendants at the time of the crash.

**REQUEST NO. 7:** All written, taped, electronic or mechanically reproduced statements made by or on behalf of any Defendant or Plaintiff in this case regarding the crash, damages and/or that otherwise relate to the subject matter of this civil action.

**REQUEST NO. 8:** All written, taped, electronic or mechanically reproduced statements made by any witness to the crash or other person relating to the subject matter of this civil action.

**REQUEST NO. 9:** To the extent not previously produced, all writings, records, memoranda, notes, or other materials that relate to any and all statements made by or on behalf of any Defendant or Plaintiff in this case, or any person, relating to subject matter of this civil action.

**REQUEST NO. 10:** Copies of any and all medical records, reports, opinions and other documents that were in your care, custody, possession or control at or prior to the time of the crash that relate to Defendant Daniel J. Saraiva and/or his fitness or ability to operate a commercial vehicle.

**REQUEST NO. 11:** Copies of all medical records and reports regarding any evaluations or care rendered to Defendant Daniel J. Saraiva at any time from January 1, 2020, through August 10, 2020.

**REQUEST NO. 12:** Copies of the certificate of title, registration and latest tag receipt for the Tractor-Trailer that was involved in the subject crash.

**REQUEST NO. 13:** Copies of any and all contracts, agreements or other writings relating in any way to the ownership, lease and right to control or use the Tractor-Trailer at the time of the crash.

**REQUEST NO. 14:** Copies of all purchase and sale records, contracts and other documents relating to any sale, transfer of title or other disposition of the Tractor-Trailer subsequent to the time of the crash.

**REQUEST NO. 15:** Copies of Defendant Daniel J. Saraiva's driver's licenses presently in effect and in effect at the time of the crash that is the subject matter of this lawsuit.

**REQUEST NO. 16:** Copies of Defendant Daniel J. Saraiva's driving record.

**REQUEST NO. 17:** Copies of Defendant Daniel J. Saraiva's social security card.

**REQUEST NO. 18:** Copies of any and all traffic crash reports and/or incident reports (including all photographs, videos and statements taken in connection with such reports) relating in any way to the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 19:** A copy of the MC-50 B or T prepared as a result of the crash.

**REQUEST NO. 20:** Copies of any and all appraisals, estimates, invoices, and other documents (including payment records and photographs) pertaining to the amount, cost or extent of the damage to the Defendants' Tractor-Trailer, the Plaintiffs' 2016 Nissan Rogue, the other vehicles described in the WV Uniform Traffic Crash Report, or to other property, sustained or suffered as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 21:** Copies of any and all repair bills and invoices and similar documentation relating to the Defendants' Tractor-Trailer, the Plaintiffs' vehicle, the other

13

vehicles described in the WV Uniform Traffic Crash Report, or to other property damage or related expenses sustained or suffered as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

REQUEST NO. 22: All photographs, movies, motion pictures, slides, films, videotapes, audiotapes, records, reports and other writings or recorded representations relating to any aspect of this civil action, including, but not limited to, those taken for surveillance purposes regarding damages or otherwise.

REQUEST NO. 23: Copies of any citations, fine payments and other records, reports or other evidence of charges of any violation of law Defendant Daniel J. Saraiva received as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

REQUEST NO. 24: Copies of all records, reports, forms or other written evidence of the disposition of any citations or charges of any violation of law Defendant Daniel J. Saraiva received as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

REQUEST NO. 25: Copies of any and all agreements the Defendants have made with anyone that would limit that party's liability to anyone for any of the damages in this case.

REQUEST NO. 26: Copies of any and all claims indexes or similar documents relating to the subject crash, the Plaintiff and/or the Defendant's claims history.

REQUEST NO. 27: Any and all documents pertaining to the load being carried at the time of the crash including but not limited to, all bills of lading, weigh station tickets and receipts, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

**REQUEST NO. 28:** Defendant Daniel J. Saraiva's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21.

**REQUEST NO. 29:** Complete and clearly readable copies of the "Driver Personnel File", DOT, training, human resource, risk management, safety and all other files concerning Defendant Daniel J. Saraiva's services, from initial contract or employment with you or any other Defendant to the present date, including but not limited to the following documents:

    (a)    Applications for employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document, regardless of subject, description, or form, relative to Defendant Daniel J. Saraiva or the services performed by Defendant Daniel J. Saraiva.

    (b)    Hiring, suspension, termination, warning notices, complaints, letters, memorandums, and any other similar type documents relative to Defendant Daniel J. Saraiva.

    (c)    Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records, inclusive of cargo shortage or damage reports, along with all documents related to each such sickness, incident or accident that relate to Defendant, Daniel J. Saraiva.

    (d)    All reports or warnings from Law Enforcement agencies, terminal audits, roadside equipment and/or driver inspection reports, traffic citations or warnings, inclusive of any of Defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by Defendant Daniel J. Saraiva.

**REQUEST NO. 30:** Complete and clearly readable copies of the "Driver Qualification File", maintained by you and/or any of your parent companies and/or subsidiaries, as required under "Code of Federal Regulations", Title 49 – Transportation, U.S. Department of Transportation, Chapter 3, Federal Motor Carrier Safety

Administration, Subchapter B – Parts 382 through 397 titled the Federal Motor Carriers Safety Regulations (FMCSR) in effect on the date of the incident in question, including, but not limited to, the following documents:

(a)  Any pre-employment questionnaires or other documents secured from Defendant Daniel J. Saraiva prior to employment.

(b)  Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of Defendant Daniel J. Saraiva.

(c)  All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to Defendant Daniel J. Saraiva.

(d)  All of Defendant Daniel J. Saraiva's annual violation statements which should include one for each twelve months of contract or employment with you and/or any other the other Defendants.

(e)  All actual driver's motor carrier tests administered to Defendant Daniel J. Saraiva.

(f)  All actual driver's motor carrier written tests administered to Defendant Daniel J. Saraiva.

(g)  All road and written test certificates issued by Defendant or any other motor carriers or organizations to Daniel J. Saraiva regardless of the date issued or the originator of such certificates.

(h)  All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. Mail, personal contact or telephone inquiries and results directed to or received by you or any other Defendant from past employers of Defendant Daniel J. Saraiva.

(i)  All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by your or any other Defendant from any local, state or federal governmental agencies, or other organizations, relative to Defendant Daniel J. Saraiva's traffic, crash and/or accident record.

(j)  Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the Defendants, regardless of card issuance date or origin. This

16

specifically includes cards, as previously described herein, issued by other motor carriers to Defendant Daniel J. Saraiva presently in their possession.

(k) All annual reviews, file reviews of file summaries and related documents found in the driver qualification file of Defendant Daniel J. Saraiva.

(l) All documents relative to any drug testing of Defendant Daniel J. Saraiva regardless of date and time, in your possession, custody or control.

(m) Any and all other contents of Defendant Daniel J. Saraiva's "Driver Qualification File" regardless of subject, form, purpose, originator, receiver, title or description.

**REQUEST NO. 31:** Complete and clearly readable copies of any and all other documents added to Defendant Daniel J. Saraiva's "Driver Qualification File" from the date of crash to the present date, as presently maintained by the Defendant. Please identify and produce such documents separate and apart from documents requested in Request No. 30 herein).

**REQUEST NO. 32:** A list that identifies all employees, independent contractors and other persons who operated tractor-trailers or other commercial vehicles for you at any time during the past ten (10) years.

**REQUEST NO. 33:** The driving records and driver qualification files for all of the persons identified in the list requested in the preceding Request.

**REQUEST NO. 34:** Any and all inquiries and responses to state driving agencies and prior employers of Defendant Daniel J. Saraiva made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

**REQUEST NO. 35:** Any and all inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Daniel J. Saraiva

made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

**REQUEST NO. 36:** The logs and records commonly known as "Driver's Daily Logs," "Records of Duty Status," "ELD records," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning Defendant Daniel J. Saraiva for the period commencing six (6) months prior to the crash described in the Complaint to and including thirty (30) days after the date of the crash described in the Complaint.

**REQUEST NO. 37:** All logs and records commonly known as "Driver's Daily Logs," "Records of Duty Status," "ELD records," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning Defendant Daniel J. Saraiva.

**REQUEST NO. 38:** Complete and clearly readable copies of all trip and/or operational documents pertaining to the movement of cargo by Defendant Daniel J. Saraiva and/or any of his accompanying co-driver(s) or driver trainers from 30 days before the crash through the delivery date and time of the cargo he may have been transporting at the time the crash occurred. Including but not limited to the following documents:

    (a)    Complete and clearly readable copies of trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by Defendant, Daniel J. Saraiva to Defendant inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status."

    (b)    Complete and clearly readable copies of all receipts for any trip expenses or purchases made by Defendant Daniel J. Saraiva during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll road receipts, loading or unloading costs, and all otherwise described receipts regardless of the type of objects or services purchased for the period commencing 6 months prior to the crash to 30 days after the crash.

(c)     Complete and clearly readable copies of all cargo pickup or delivery documents prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of Defendant driver, Daniel J. Saraiva.

(d)     Complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo for the Defendant and/or any of the Defendant's parent companies and/or subsidiaries. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup and/or delivery that are relative to the operations of cargo transported by Defendant Daniel J. Saraiva.

(e)     Complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of Defendant Daniel J. Saraiva.

(f)     Complete and clearly readable copies of all cargo transported freight bills, Pro's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of the pick up or delivery of cargo by Defendant Daniel J. Saraiva.

(g)     Complete and clearly readable copies of all written instructions, orders or advice given to Defendant Daniel J. Saraiva in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Defendant and/or any of Defendant's parent companies and/or subsidiaries, shippers, receivers or any other persons or organizations.

(h)     Complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of Defendant Daniel J. Saraiva.

    (i)       Complete and clearly readable copies of any driver call-in records or otherwise described written records indicating any communications between the Defendant and/or any of the Defendant's parent companies and/or subsidiaries and Defendant Daniel J. Saraiva.

    (j)       Any and all E-Z Pass or other toll reports and or records for the month of August 2020 for any and all tractors operated by Defendant Daniel J. Saraiva.

**REQUEST NO. 39:** Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-crash or post-accident drug and alcohol testing conducted of Defendant Daniel J. Saraiva at any time.

**REQUEST NO. 40:** A copy of any Accident Register or master ledger of accidents which you maintain. Plaintiffs seek all such registers for the three (3) years immediately prior to the crash through and including the date of the crash.

**REQUEST NO. 41:** Any and all call-in reports or "accident call records" generated pertaining to the crash.

**REQUEST NO. 42:** The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the 2016 International Truck Tractor described in the Complaint for the period commencing 30 days before the crash through and including 10 days after the crash.

**REQUEST NO. 43:** Copies of any and all daily vehicle inspection reports concerning the Tractor-Trailer for the 60 days prior to the crash, through and including the 10 days after the crash.

**REQUEST NO. 44:** Copies of the complete maintenance records for the Tractor-Trailer for the 1 year prior to and including the crash.

**REQUEST NO. 45:** Copies of all lease, rental and/or other agreements regarding the truck, trailer and/or the driver involved in the crash that were applicable at the time of the crash.

**REQUEST NO. 46:** Complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording documents or records" such as QualComm, HighwayMaster, American Mobile Satellite Corp., OmniTracs, or similar organization's records, along with any tractor trip recorder computer generated documents, tachograph charts, computer generated trip printouts or any otherwise described documents generated by whatever means, in reference to the physical movement and geographical locations at certain times and dates of the tractor and/or trailer involved in the crash, for the two weeks prior to the crash forming the basis for this suit through two weeks subsequent to the crash forming the basis for this suit (date of crash inclusive). This request specifically includes Defendant's records from any of the above vehicular movement recordings and interactive satellite communications networks linking every vehicle in its fleet.

**REQUEST NO. 47:** Copies of any and all DOT and State agency reviews of your company, for the period commencing 10 years prior to this crash to the present time.

**REQUEST NO. 48:** All claim forms and correspondence concerning this crash from the owner of the property being transported by you at the time of the crash.

**REQUEST NO. 49:** Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this crash.

**REQUEST NO. 50:** A copy of all documents showing your authority to operate commercial trucks within the State of West Virginia, at the time of the crash through the present.

**REQUEST NO. 51:** Copies of all driver's manuals, Defendant company manuals, and other materials pertaining to any company, federal, or state rules, in effect at the time of the crash described in Plaintiffs' Complaint.

**REQUEST NO. 52:** Any and all safety training provided by or for the Defendant to its truck drivers at any time from January 1, 2019, through the present.  If there are multiple products that have been revised or changed, please include copies of both before and after training. Include the style and/or manner of the training (video, online class, live lecture, paper distribution, employee handbook, etc.) and whether the training required a completion certificate of the employees.

**REQUEST NO. 53:** Any and all written safety policies, procedures and/or other rules that the Defendant had in place at any time from January 1, 2019, to the present that relate to the safe operation of commercial vehicles and/or tractor-trailers (including documentation of all amendments, modifications and changes to such policies).

**REQUEST NO. 54:** All telephone records and other documents reflecting the use of any mobile telephone or device Defendant Daniel J. Saraiva used during the months of July and August 2020.

**REQUEST NO. 55:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the hiring of commercial truck drivers. If said policies and procedures changed at any time, please provide the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 56:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the

training of commercial truck drivers. If said policies and procedures changed, please include the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 57:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the supervision of commercial truck drivers. If said policies and procedures changed, please include the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 58:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the discipline of commercial truck drivers. If said policies and procedures changed, please include the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 59:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding any incentive program for commercial truck drivers. If said policies and procedures changed, pleased include the date(s) of any amendments or changes to said policies and procedures.

## REQUESTS FOR ADMISSION

Please ADMIT or DENY the following Requests for Admission in accordance with Rule 36 of the West Virginia Rules of Civil Procedure:

### REQUEST NO. 1:

*Admit or deny* that you have no written policies and procedures, policy and procedure update transmittals and/or memorandum that you give to employees at your company.

### REQUEST NO. 2:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on safety practices for employees at your company.

### REQUEST NO. 3:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on hiring practices at your company regarding your drivers.

### REQUEST NO. 4:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on training practices at your company for your drivers.

### REQUEST NO. 5:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on supervision practices of your drivers at your company.

24

## REQUEST NO. 6:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on disciplinary practices for your drivers at your company.

## REQUEST NO. 7:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on termination of employment practices at your company regarding your employees.

## REQUEST NO. 8:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on bonus or incentive practices at your company regarding your employees.

## REQUEST NO. 9:

*Admit or deny* that you downloaded the electronic control monitor of the tractor that Defendant Daniel J. Saraiva was driving at the time of the crash described in the Complaint.

## REQUEST NO. 10:

*Admit or deny* that you attempted to download the electronic control monitor of the tractor that Defendant Daniel J. Saraiva was driving at the time of the crash described in the Complaint.

## REQUEST NO. 11:

*Admit or deny* that in 2020, including on the date of the crash described in the Complaint, you required Defendant Daniel J. Saraiva to keep track of his on-duty hours.

**REQUEST NO. 12:**

*Admit or deny* that you are in possession of Defendant Daniel J. Saraiva's on-duty hours for two weeks prior to the crash date through one week after the crash date.

**REQUEST NO. 13:**

*Admit or deny* that you maintain a communications or dispatch log for all terminal – driver communications.

**REQUEST NO. 14:**

*Admit or deny* that prior to the crash described in the Complaint you provided a cellular telephone to Defendant driver, Daniel J. Saraiva.

**REQUEST NO. 15:**

*Admit or deny* that on and before the date of the crash described in the Complaint you required your drivers to possess a cellular telephone while operating your trucks.

**REQUEST NO. 16:**

*Admit or deny* that Defendant Daniel J. Saraiva called you after the crash described in the Complaint.

**REQUEST NO. 17:**

*Admit or deny* that you require your drivers to complete a pre-trip safety inspection at the beginning of the work day.

**REQUEST NO. 18:**

*Admit or deny* that you provide your drivers a form to complete their pre-trip safety inspection at the beginning of the work day.

**REQUEST NO. 19:**

*Admit or deny* that you are in possession of a completed pre-trip safety inspection from August 9, 2020.

**REQUEST NO. 20:**

*Admit or deny* that you require your drivers to complete a post-trip safety inspection at the end of the work day.

**REQUEST NO. 21:**

*Admit or deny* that you provide your drivers a form to complete their post-trip safety inspection at the end of the work day.

**REQUEST NO. 22:**

*Admit or deny* that you are in possession of a completed post-trip safety inspection form from the date of the crash for the tractor-trailer Defendant Daniel J. Saraiva was driving.

**REQUEST NO. 23:**

*Admit or deny* that you obtained a written statement of Defendant Daniel J. Saraiva regarding Mr. Saraiva's explanation of the events leading up to the crash described in the Complaint.

**REQUEST NO. 24:**

*Admit or deny* that you obtained a recorded statement of Defendant Daniel J. Saraiva regarding Mr. Saraiva's explanation of the events leading up to the crash described in the Complaint.

**REQUEST NO. 25:**

*Admit or deny* that your insurance carrier obtained a written statement of Defendant Daniel J. Saraiva regarding Mr. Saraiva's explanation of the events leading up to the crash described in the Complaint.

**REQUEST NO. 26:**

*Admit or deny* that you terminated Daniel J. Saraiva as a result of the crash of August 9, 2020.

Plaintiffs,
By Counsel

Paul R. Cranston (W. Va. Bar #5191)
**CRANSTON & EDWARDS, PLLC**
Dorsey Avenue Professional Bldg.
1200 Dorsey Avenue, Suite II
Morgantown, West Virginia 26501
Telephone: (304) 296-3500
Facsimile: (304) 296-3600

28

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KASANDRA L. SPRIGGS,
ABRAM T. BERG, a minor, by
his mother and legal guardian,
Kasandra L. Spriggs, and
PARKER E. BERG, a minor,
by her mother and legal guardian,
Kasandra L. Spriggs,

        Plaintiffs,

v.                                 / /      Civil Action No. 22-C-22

KORDUN EXPRESS, INC.,
FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC.,
TIME LOGISTICS, INC., and
DANIEL J. SARAIVA,

        Defendants.

## FIRST AMENDED COMPLAINT

NOW COME the Plaintiffs, Kasandra L. Spriggs, Abram T. Berg and Parker E. Berg, by counsel, and for their First Amended Complaint ("Complaint")[1] against the Defendants, Kordun Express, Inc., Floyd, Inc., Super Ego Logistics, LLC, Co Lines, Inc., Time Logistics, Inc., and Daniel J. Saraiva, allege as follows:

## PREFACE

1.     This case involves a violent motor vehicle crash that occurred on August 9, 2020, on a public roadway in West Virginia known as Interstate 68 ("I-68").

---

[1] PLEASE NOTE:  Prior to the filing of this civil action, the Plaintiffs attempted to reach fair settlements of their claims with the Defendants' liability insurance company, American Inter-Fidelity Exchange, but said insurance company failed and refused to provide the Plaintiffs with fair settlement offers. Thus, the Plaintiffs were forced to file this action.

2.      The crash was caused by the negligence, carelessness, gross negligence and/or recklessness of the Defendants as alleged herein, which resulted in the Defendants' tractor-trailer crashing into the rear of four (4) different vehicles, including the Plaintiffs' 2016 Nissan Rogue ("Nissan").

*Defendants' Tractor-Trailer*



*Plaintiffs' Nissan*

 

3.      Plaintiff Kasandra L. Spriggs and her two young children, Plaintiffs Abram T. Berg (3 years old) and Parker E. Berg (1 year old), sustained personal injury damages from the crash.

4.      The Defendants are liable to the Plaintiffs for both compensatory and punitive damages.

5.      Jurisdiction and venue are proper in the Circuit Court of Monongalia County, West Virginia, and this Court has personal jurisdiction over each of the parties hereto. *See* W. Va. Code §§ 56-3-31 and 56-3-33(a).

## THE PARTIES

6.      All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

7.      The Plaintiffs are residents of Monongalia County, West Virginia.

8.      Plaintiff Kasandra L. Spriggs is the mother and legal guardian of Plaintiffs Abram L. Berg, a minor, and Parker E. Berg, a minor.

9.      Defendant Kordun Express, Inc. ("Kordun") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

10.      Defendant Floyd, Inc. ("Floyd") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has

3.  Plaintiff Kasandra L. Spriggs and her two young children, Plaintiffs Abram T. Berg (3 years old) and Parker E. Berg (1 year old), sustained personal injury damages from the crash.

4.  The Defendants are liable to the Plaintiffs for both compensatory and punitive damages.

5.  Jurisdiction and venue are proper in the Circuit Court of Monongalia County, West Virginia, and this Court has personal jurisdiction over each of the parties hereto. *See* W. Va. Code §§ 56-3-31 and 56-3-33(a).

## THE PARTIES

6.  All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

7.  The Plaintiffs are residents of Monongalia County, West Virginia.

8.  Plaintiff Kasandra L. Spriggs is the mother and legal guardian of Plaintiffs Abram L. Berg, a minor, and Parker E. Berg, a minor.

9.  Defendant Kordun Express, Inc. ("Kordun") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

10. Defendant Floyd, Inc. ("Floyd") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has

3

included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

11. Defendant Super Ego Logistics, LLC ("Ego") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic LLC) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

12. Defendant Co Lines, Inc. ("Co Lines") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

13. Defendant Time Logistics, Inc. ("Time Logistics") is an Illinois-based business (registered with the Illinois Secretary of State as a Domestic BCA Corporation) that has done business, at all relevant times, in West Virginia, including Monongalia County. Such business has included, but may not be limited to, using public highways in West Virginia, including Monongalia County, to transport products/material/goods in furtherance of its business.

14. Defendant Daniel J. Saraiva ("Saraiva") is the individual who was driving the Defendants' tractor-trailer at the time of the crash described in this Complaint.

15. Defendant Kordun is registered with the Federal Motor Carrier Safety Administration under DOT Number 1606904 as an active interstate hazmat freight carrier.

16.     Defendant Floyd is registered with the Federal Motor Carrier Safety Administration under DOT Number 2903977 as an active interstate general freight carrier.

17.     Defendant Ego is registered with the Federal Motor Carrier Safety Administration under DOT Number 3288433 as an active broker of property.

18.     Defendant Co Lines is registered with the Federal Motor Carrier Safety Administration under DOT Number 2202732 as an active interstate general freight carrier.

19.     Defendant Time Logistics is registered with the Federal Motor Carrier Safety Administration under DOT Number 3012455 as an active interstate general freight carrier.

20.     On information and belief, at all times relevant to this case, Defendants, Kordun, Floyd, Ego, Co Lines and Time Logistics acted in concert and as agents of each other in conducting business and engaged in a joint venture, joint enterprise, partnership and/or business relationship for the purposes of making a profit, for which they combined property, money, effects, efforts, skill and knowledge, or some combination thereof, so as to make each such Defendant liable for the acts and omissions of the other in carrying out such business relationship, including, but not limited to, the acts and omissions described in this Complaint.

21.     On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual businesses pursuits, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, at times relevant herein, owned, leased and/or otherwise used trucks and semi-trailers in furtherance of their business interests, including, but not limited to, the tractor-trailer involved in the crash described in this Complaint.

16.    Defendant Floyd is registered with the Federal Motor Carrier Safety Administration under DOT Number 2903977 as an active interstate general freight carrier.

17.    Defendant Ego is registered with the Federal Motor Carrier Safety Administration under DOT Number 3288433 as an active broker of property.

18.    Defendant Co Lines is registered with the Federal Motor Carrier Safety Administration under DOT Number 2202732 as an active interstate general freight carrier.

19.    Defendant Time Logistics is registered with the Federal Motor Carrier Safety Administration under DOT Number 3012455 as an active interstate general freight carrier.

20.    On information and belief, at all times relevant to this case, Defendants, Kordun, Floyd, Ego, Co Lines and Time Logistics acted in concert and as agents of each other in conducting business and engaged in a joint venture, joint enterprise, partnership and/or business relationship for the purposes of making a profit, for which they combined property, money, effects, efforts, skill and knowledge, or some combination thereof, so as to make each such Defendant liable for the acts and omissions of the other in carrying out such business relationship, including, but not limited to, the acts and omissions described in this Complaint.

21.    On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual businesses pursuits, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, at times relevant herein, owned, leased and/or otherwise used trucks and semi-trailers in furtherance of their business interests, including, but not limited to, the tractor-trailer involved in the crash described in this Complaint.

22.     On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual business pursuits, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, at times relevant herein, employed or otherwise retained individuals to drive these trucks in furtherance of their business interests, including, but not limited to, Defendant Saraiva, at and prior to the time of the crash described in this Complaint.

23.     On information and belief, as part of such agency relationship, joint venture, joint enterprise, partnership, other business relationship and/or their individual business pursuits Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, at times relevant herein, used these trucks and trailers and individual drivers to transport products and/or materials on public roadways across the United States, including public highways in the state of West Virginia, in furtherance of their business interests.

## GENERAL ALLEGATIONS

24.     All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

25.     On August 9, 2020, and at all other times material hereto, one or more of the Defendants owned, leased and/or were otherwise in possession of a 2016 International Truck Tractor (VIN # 3HSDJAPR5GN285389) with attached semi-trailer (VIN # 1UYVS2536J6252012) (the "Tractor-Trailer").

26.     On or before August 9, 2020, Defendants Kordun, Floyd, Ego, Co Lines and/or Time Logistics hired or otherwise retained Defendant Saraiva as a truck driver and authorized him to drive the Tractor-Trailer.

27.   On August 9, 2020, and at all other times relevant hereto, Defendant Saraiva was an agent, apparent agent, employee and/or servant of Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, and was acting within the course and scope of such agency, apparent agency, employment and/or servitude with Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics.

28.   At all times relevant hereto, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics are vicariously liable for the acts and omissions of its agents, apparent agents, employees and/or servants, including but not limited to, all of the negligent, careless, grossly negligent, reckless and other wrongful acts and omissions of Defendant Saraiva alleged in this Complaint.

29.   Defendants Kordun, Floyd, Ego, Co Lines, Time Logistics and Saraiva are also individually liable for their own acts and omissions, including, but not limited to, all of the negligent, careless, grossly negligent, reckless and other wrongful acts and omissions alleged in this Complaint.

30.   On August 9, 2020, Defendant Saraiva operated the Tractor-Trailer in an unreasonable, dangerous, unsafe and illegal manner on I-68 in West Virginia, and violently crashed into the rear of Plaintiff Kasandra L. Spriggs' Nissan, causing Plaintiff Kasandra L. Spriggs and her minor children, Plaintiffs Abram T. Berg and Parker E. Berg, to suffer personal injury damages, as alleged in this Complaint.

31.   On August 9, 2020, and at all other times relevant herein, Defendant Saraiva was operating the Tractor-Trailer with the express and implied authorization and permission of Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics and within the course and scope of his agency, apparent agency, employment and/or servitude with

Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, so as to impose liability on Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics pursuant to agency, *respondeat superior*, negligent entrustment and/or similar theory of law.

32.    On August 9, 2020, and at other times relevant to this action, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, as the owner(s), lessor(s) and/or lessee(s) of the Tractor-Trailer, owed certain duties and responsibilities to the public, including, but not limited to:

     a.    Ensuring that the Tractor-Trailer was properly maintained and safe for operation on public roadways;

     b.    Ensuring that only qualified drivers operated the Tractor-Trailer;

     c.    Ensuring that all drivers of the Tractor-Trailer were properly trained;

     d.    Ensuring that all drivers of the Tractor-Trailer were properly supervised; and

     e.    Ensuring that the Tractor-Trailer was operated in a safe and prudent manner.

33.    On August 9, 2020, and at all other times relevant hereto, the Defendants knew or should have known that the Tractor-Trailer was a large, heavy vehicle that required great distances to stop, and that it was essential for public safety that the driver of this commercial vehicle maintain a proper lookout and travel at a safe speed and proper distance from other vehicles to be able to effectively stop and avoid colliding with other vehicles.

34.    On August 9, 2020, and at all other times relevant hereto, the Defendants knew or should have known that it was essential for public safety that the driver of the

8

Tractor-Trailer be properly rested, alert, attentive to his driving, and pay attention to the roadway at all times.

35.   On August 9, 2020, and at all other times relevant hereto, the Defendants knew or should have known that it was essential for public safety that the Tractor-Trailer be properly maintained and operated in a safe and prudent manner.

### THE CRASH

36.   All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

37.   On August 9, 2020, Defendant Saraiva was operating the Tractor-Trailer, traveling westbound on I-68 in West Virginia.

38.   On August 9, 2020, at approximately 7:17 p.m., Plaintiff Kasandra L. Spriggs was operating her Nissan, in a safe and prudent manner, traveling westbound on I-68 in West Virginia.  At said time and place, Plaintiffs Abram T. Berg (3 years old) and Parker E. Berg (1 year old), were secured in their car seats in the back seat of the Nissan being driven by their mother.

39.   At said time and place, the Plaintiffs were stopped in traffic near mile marker 20 of I-68 West, due to a motor vehicle collision that had occurred ahead.

40.   At said time and place, Defendant Saraiva drove the Tractor-Trailer westbound into the stopped traffic at an excessive and unreasonably dangerous rate of speed for the circumstances and violently crashed into at least four (4) different vehicles, including the Plaintiffs' Nissan.

41.   The Plaintiffs sustained personal injury and property damages from the crash.

42.    At and prior to the time of the crash, Defendant Saraiva breached his duty of care in the operation of the Tractor-Trailer and violated the West Virginia Motor Vehicle Code and other laws and safety rules designed to protect the innocent public, by, among other things:

    a.    Driving the heavy Tractor-Trailer at an excessive and unreasonably dangerous rate of speed—a speed that was greater than what was reasonable under the circumstances;

    b.    Failing to exercise appropriate care and caution when approaching stopped vehicles;

    c.    Failing to maintain a proper lookout;

    d.    Failing to maintain control;

    e.    Failing to pay proper attention to the roadway and the traffic;

    f.    Failing to be properly rested, alert and attentive to his driving;

    g.    Failing to maintain proper speed for the conditions;

    h.    Failing to reduce speed of his vehicle to avoid a collision;

    i.    Failing to control the vehicle in order to avoid a collision; and

    j.    Crashing into the Plaintiffs' vehicle (and others on the roadway).

43.    At and prior to the time of the crash, Defendants Kordun, Floyd, Ego, Co Lines, Time Logistics and Saraiva breached one or more duties of care owed to the innocent public, including the Plaintiffs, with respect to the Tractor-Trailer.

44.    At and prior to the time of the crash, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics, individually and by and through their employees, servants and/or

other agents, were negligent, careless, grossly negligent and/or reckless in one or more of the following respects:

a.   Failing to exercise proper care to ensure that only qualified, rested and safe drivers operated the Tractor-Trailer;

b.   Failing to exercise proper care to ensure that all drivers of the Tractor-Trailer were properly trained;

c.   Failing to exercise proper care to ensure that all drivers of the Tractor-Trailer were properly supervised;

d.   Failing to exercise proper care to ensure that the Tractor-Trailer was operated in a safe and prudent manner; and/or

e.   Failing to exercise proper care to ensure that that the Tractor-Trailer was properly maintained and safe for operation on public roadways.

45.   The negligence, carelessness, gross negligence, recklessness and/or other wrongful conduct of the Defendants, as alleged in this Complaint and as will be further developed in discovery, proximately caused or contributed to the crash.

46.   As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence, recklessness and/or other wrongful conduct in causing the crash, Plaintiff Kasandra L. Spriggs sustained personal injury damages and harm, both physical and psychological, including, but not limited to, physical pain, emotional suffering, mental anguish and loss of enjoyment of life.

47.   As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence and/or recklessness and/or other wrongful conduct in causing the crash, the minor Plaintiff Abram T. Berg, also sustained personal injury

damages and harm, both physical and emotional, including, but not limited to, physical pain, emotional suffering, mental anguish and loss of enjoyment of life.

48.    As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence and/or recklessness and/or other wrongful conduct in causing the crash, the minor Plaintiff Parker E. Berg, also sustained personal injury damages and harm, including, but not limited to, a seatbelt/restraint burn to her neck.

49.    Some or all of the Plaintiffs' injuries and harm (which include both physical and psychological injuries) are believed to be permanent and/or long-lasting injuries that will continue to cause them to continue to suffer damages in the future and potentially for the remainder of their lives.

50.    As a further direct and proximate result of the Defendants' negligence, carelessness, gross negligence, recklessness and/or other wrongful conduct in causing the crash and the resulting injuries to Plaintiff Kasandra L. Spriggs, Plaintiffs Abram T. Berg and Parker E. Berg have suffered losses of parental consortium damages and may be expected to continue to suffer such damages in the future as their mother, Kasandra L. Spriggs, continues to suffer from her injuries.

51.    As a further direct and proximate result of the Defendants' negligence, carelessness, gross negligence and/or recklessness in causing the crash and resulting injuries and harm to Plaintiffs Abram T. Berg and Parker E. Berg, Plaintiff Kasandra L. Spriggs has suffered loss of filial consortium damages.

52.    At all times relevant to this case, it was reasonably foreseeable to the Defendants that the negligent, careless, grossly negligent and/or reckless operation of

the Tractor-Trailer on a public roadway such as I-68 in West Virginia could cause serious injury or death to the innocent public.

## COUNT I – NEGLIGENCE DEFENDANT DANIEL J. SARAIVA

53.    All preceding allegations of this Complaint are incorporated fully herein by reference as if restated verbatim.

54.    At all relevant times, Defendant Saraiva owed the Plaintiffs and the public at large a duty to use reasonable care in operating and controlling the Tractor-Trailer.

55.    Defendant Saraiva failed to use reasonable care in his operation of the Tractor-Trailer when he approached and drove into the stopped traffic on I-68 and crashed into the rear of the Plaintiffs' Nissan (and into other vehicles on the roadway).

56.    At and prior to the time of the crash, Defendant Saraiva drove the Tractor-Trailer in a careless, negligent, grossly negligent, reckless and unreasonably dangerous and unsafe manner without regard to the safety of the innocent public.

57.    At and prior to the time of the crash, Defendant Saraiva operated the Tractor-Trailer in such a negligent, careless, grossly negligent and/or reckless manner so as to indicate a willful, wanton, reckless and/or conscious disregard for the rights and safety of other persons lawfully using the highway, and in particular, the rights and safety of Plaintiffs.

58.    As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and other wrongful acts and omissions of Defendant Saraiva, as summarized above and as will be further developed in discovery, the Plaintiffs sustained the injuries and damages described in this Complaint.

## COUNT II -- VICARIOUS LIABLITY DEFENDANTS KORDUN, FLOYD, EGO CO LINES AND TIME LOGISTICS

59.    All preceding allegations of this Complaint are incorporated fully herein by reference as if restated verbatim.

13

60.   The above-described acts and omissions of Defendant Saraiva were committed within the course and scope of his agency, apparent agency, employment and/or servitude relationship with Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics so as to impose liability on Defendants Kordun, Floyd, Ego and Co Lines.

61.   Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics are vicariously liable to the Plaintiffs for the above-described acts and omissions of Defendant Saraiva.

## COUNT III – DIRECT LIABILITY AGAINST DEFENDANTS KORDUN, FLOYD, EGO CO LINES AND TIME LOGISTICS  FOR NEGLIGENT AND RECKLESS HIRING, RETENTION, TRAINING AND SUPERVISION OF DEFENDANT SARAIVA

62.   All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

63.   At and prior to the time of the crash, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics had a duty to promulgate, enforce, and ensure proper safety rules, regulations, policies, and procedure were in place for hiring and retaining safe, qualified drivers to protect the motoring public.

64.   Among other things, the Defendants were required to teach, train, and supervise Defendant Saraiva so that he was able to understand and obey all applicable driving safety rules, including, in particular, those applicable to the operation of the Tractor-Trailer.

65.   On information and belief, the Defendants knew, had reason to know, or should have known by exercising reasonable care that Defendant Saraiva was unsafe, unqualified, needed training and/or needed supervision to drive the Tractor-Trailer.

66.   On information and belief, the Defendants negligently, carelessly, grossly negligently and/or recklessly breached their legal duties in one for more of the following respects:

   a.   Hiring, retaining and/or contracting with Defendant Saraiva to drive the Tractor-Trailer;

14

b.    Failing to properly train Defendant Saraiva;

c.    Failing to properly supervise Defendant Saraiva;

d.    Failing to properly monitor and supervise their drivers;

e.    Entrusting Defendant Saraiva with the Tractor-Trailer;

f.    Failing to exercise the degree of care which a reasonable and prudent company operating large trucks/tractor-trailers would have exercised under the same or similar circumstances;

g.    Failing to exercise ordinary care to determine its employees', agents' and/or contractors' fitness for the task of driving a tractor trailer or other commercial motor vehicle;

h.    Violating trucking and/or commercial motor vehicle industry safety rules;

i.    Failing to enact, follow and/or enforce applicable rules and policies for the safe operation of large trucks, tractor-trailers and/or other commercial vehicles on public roadways;

j.    Failing to enact, follow and/or enforce applicable rules and policies regarding the hiring, training and supervision of drivers;

k.    Negligently hiring, training, supervising, and entrusting Defendant Saraiva with the Tractor-Trailer;

l.    Breaching one or more of the duties previously set forth in this Complaint; and/or

m.    Such other and further reasons that the evidence may show at the trial of this case.

67.    As a direct and proximate result of the Defendants' negligence, carelessness, gross negligence, recklessness and/or conscious disregard for the rights and safety of other persons lawfully using the highway, Defendant Saraiva, on information and belief, was unqualified, untrained, unsupervised and/or otherwise unfit to operate the

Tractor-Trailer, which he did in a negligent, careless, grossly negligent and/or reckless manner, thereby causing the injuries and damages to the Plaintiffs that are summarized in this Complaint.

## COUNT IV – NEGLIGENT ENTRUSTMENT DEFENDANTS KORDUN, FLOYD, EGO, CO LINES AND TIME LOGISTICS

68.     All preceding allegations in this Complaint are incorporated fully herein by reference as if restated verbatim.

69.     On information and belief, at and prior to the time of the crash, Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics knew or reasonably should have known that Defendant Saraiva was not a suitable driver for the Tractor-Trailer and/or for the trip/job he was on at the time of the crash, and were negligent, careless, grossly negligent and/or reckless in entrusting the Tractor-Trailer to him.

70.     At and prior to the time of the crash, it was reasonably foreseeable to Defendants Kordun, Floyd, Ego, Co Lines and Time Logistics that Defendant Saraiva would not be able to safely handle or operate the Tractor-Trailer and would negligently cause a collision, thereby harming others.

71.     As a direct and proximate result of Defendants Kordun, Floyd, E Ego, Co Lines and Time Logistics' direct negligence, carelessness, gross negligence and/or recklessness in entrusting the Tractor-Trailer to Defendant Saraiva, the Plaintiffs sustained the injuries and damages described in this Complaint.

## COUNT V – NEGLIGENT MAINTENANCE AGAINST DEFENDANTS

72.     All preceding allegations of this Complaint are incorporated fully herein by reference as if restated verbatim.

73.     At all times relevant herein, the Defendants, individually and jointly, had a duty to ensure that the Tractor-Trailer was properly maintained and safe for operation, and was not overloaded at any time.

74.     To the extent that the lack of maintenance or failure to properly maintain the Tractor-Trailer proximately caused or contributed to the crash (e.g., the brakes were not properly maintained, did not function properly and contributed the crash), the Plaintiffs hereby allege claims of negligent, careless, grossly negligent and reckless maintenance against the Defendants.

## COUNT VI – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

75.     All preceding allegations in this Complaint are incorporated fully herein by reference as if restated.

76.     The conduct of Defendants in this case, as summarized above and as will be further developed discovery, was grossly negligent, reckless and constitutes a conscious, reckless and outrageous indifference to the health, safety and welfare of others, and the imposition of punitive damages is warranted to punish the Defendants for their misconduct and to deter the Defendants and others from following a like course.

**WHEREFORE**, the above-described conduct of the Defendants, Kordun, Floyd, Ego, Co Lines, Time Logistics, and Saraiva, has directly and proximately caused injury and damages to the Plaintiffs, and the Plaintiffs demand the following relief against the Defendants jointly and severally:

(a)     Compensatory damages for all past, present and future medical expenses, loss of earnings and loss of earning capacity damages, loss of services, miscellaneous expenses and all other special damages in a fair and just amount determined by the jury;

(b)     General damages for all past, present and future pain and suffering, mental anguish, permanent injury, embarrassment, inconvenience, loss of society, service and companionship (including, but not limited to, damages for loss of spousal and

parental consortium), loss of the enjoyment of life and emotional distress in a fair and just amount determined by the jury;

    (c)    Punitive damages in a fair and just amount;

    (d)    Pre-judgment and post-judgment interest;

    (e)    Cost and attorney's fees expended in this action; and

    (f)    Such other further general or specific relief which the Court may deem proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Plaintiffs,
By Counsel

Paul R. Cranston, Esq. (W.Va. Bar #5191)
**CRANSTON & EDWARDS, PLLC**
Dorsey Avenue Professional Bldg.
1200 Dorsey Avenue, Suite II
Morgantown, West Virginia 26501
Phone: (304) 296-3500
Fax: (304) 296-3600
E-Mail: pcranston@cranstonedwards.com

**IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA**

**KASANDRA L. SPRIGGS,**
**ABRAM T. BERG, a minor,**
**by his mother and legal guardian,**
**Kasandra L. Spriggs, and**
**PARKER E. BERG, a minor,**
**by his mother and legal guardian,**
**Kasandra L. Spriggs,**

                    **Plaintiffs,**

**v.**                                        **/ /**        **Civil Action No. 20-C-22**

**KORDUN EXPRESS, INC.,**
**FLOYD, INC.,**
**SUPER EGO LOGISTICS, LLC,**
**CO LINES, INC.,**
**TIME LOGISTICS, INC., and**
**DANIEL J. SARAIVA,**

                    **Defendants.**

## PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY REQUESTS
## TO DEFENDANT TIME LOGISTICS, INC

Pursuant to Rules 33, 34 and 36 of the West Virginia Rules of Civil Procedure, the Plaintiffs, KASANDRA L. SPRIGGS, ADAM T. BERG and PARKER E. BERG hereby request that the Defendant, TIME LOGISTICS, INC, respond to the Plaintiffs' requests for discovery made herein, under oath, within forty-five (45) days from the date of service hereof, and when requested to produce documents that they be produced at the Law Office of Cranston & Edwards, PLLC, 1200 Dorsey Avenue, Suite II, Morgantown, West Virginia 26501, at or before the expiration of said forty-five (45) days. Your failure to respond within said forty-five (45) days may result in sanctions and/or other adverse consequences.

## DEFINITIONS AND INSTRUCTIONS

"Identify" as used in these Requests shall mean with regard to a person or entity, the current or last known home and business address and home and business telephone number, as well as the person or entity's full name, and with regard to documents, shall mean the title of the document, date, author(s), recipient(s) of originals or copies, and brief description of the document. Once a person, entity or document has been identified in response to any Request, and provided no requested information concerning such person, entity or document is different from that provided for the earlier identification, it shall be sufficient thereafter to identify such person, entity or document by name only.

"You" and "your" shall refer to Defendant Time Logistics, Inc. and its insurance carriers, adjusters, investigators, attorneys, agents and other representatives. **Accordingly, the Defendant is responsible for identifying and producing all information and documents in the possession of its insurance carriers.**

The "Tractor-Trailer" shall refer to the 2016 International Truck Tractor (VIN # 3HSDJAPR5GN285389) with attached semi-trailer that was being driven by Defendant Daniel J. Saraiva at the time of the crash described in the Plaintiffs' Complaint in this case.

"The crash," "this crash" and "the subject crash" shall refer to the crashes or collisions involving Tractor-Trailer that occurred on August 9, 2020, that are described in the Complaint, including, in particular, the collision between Tractor-Trailer and Plaintiff Kasandra L. Spriggs' Nissan.

With regard to any interrogatory, request for admission, or request for production of documents or other tangible things that you consider to be a request for privileged material please state the following in each appropriate instance:

2

(a)    The nature of the privilege upon which you rely, (i.e., attorney-client privilege, or work product privilege, etc.);

(b)    If a privileged communication, the parties to said communication, whether said communication was in writing or oral, or oral and later reduced to writing, the date of said communication and the place where said communication occurred;

(c)    A brief description of the communication or document claimed to be privileged so that the Plaintiff may know the reason for the Defendant's claim that the privilege attached to the particular communication or document, including the title or description of said document or communication.

## INTERROGATORIES

Please provide full and complete answers the each of the following Interrogatories:

**Interrogatory No. (1)**:    Did Daniel J. Saraiva have a valid driver's license at the time of the crash described in the Complaint? If so, please state the following:

      a.    The full name and address shown on such license;

      b.    The date of issuance;

      c.    The number of the license;

      d.    The state of issuance;

      e.    The date of expiration; and

      f.    Any restrictions pertaining to the license.

**Interrogatory No. (2)**:    Please list all vehicles, including, but not limited to, all truck tractors and trailers and other commercial vehicles, that you have owned, leased and/or used in your business at any time during the past ten (10) years, including the make, model, year and vin # of each such vehicle/trailer, and the period of time during which you owned, leased and/or used such vehicle/trailer.

**Interrogatory No. (3):**     Please identify all persons you have employed, retained or otherwise used to drive truck tractors or other commercial vehicles over the past ten (10) years, including, for each such person, the person's name, last known addresses, last known phone number, whether such person had a commercial driver's license, the person's qualifications to operate a truck tractor or other commercial vehicle, whether the person was an employee of yours (if not, describe such person's business relationship – e.g., independent contractor retained for a particular job), the person's period of employment (or independent contractor or other relationship with you), and, if such person is no longer employed by you (or no longer driving trucks or commercial vehicles for you), the reasons such person is no longer employed/driving trucks or commercial vehicles for you.

**Interrogatory No. (4):**     Please list and describe all vehicular accidents (including the date, place and identity of the driver(s) involved) involving your company, your company's drivers and/or any vehicle owned or leased by your company over the past ten (10) years.  If any of these accidents have resulted in a claim by any person for personal injury (or wrongful death damages), please also provide the name, address and phone number for each claimant (and the claimant's attorneys), the claim number, the court and civil action number if any lawsuit was filed, the results of the claim, and the details of the accident.

**Interrogatory No. (5):**     Has any person, while operating a tractor-trailer or other commercial vehicle for you or your benefit (including, but not limited to, while hauling products, goods, materials or other items for your business) been issued a citation or

traffic ticket for a moving violation during the past ten (10) years?  If so, please state the following with respect to each such citation or traffic ticket:

    (a)    The name of the state, county and or city in which the citation or traffic ticket was issued;

    (b)    The date of such citation or traffic ticket;

    (c)    The reasons for the citation or traffic ticket;

    (d)    The name, last known address and telephone number of the driver involved;

    (e)    The make, model, year, and vin # of the vehicle the driver was operating; and

    (f)    Your company's relationship to the driver and the vehicle.

**Interrogatory No. (6)**:    Please state the name, address and telephone number of each and every person whom you believe to have any knowledge with respect to the allegations set forth in the Complaint and/or your defenses thereto or any other relevant factual matter related to your denial of wrongdoing in this civil action.  Also, please include a summary of those relevant facts within each such person's knowledge.

**Interrogatory No. (7)**:    Please state the name, address and telephone number of every person or entity, other than yourself, that you claim is or may be liable to the Plaintiffs as alleged in the Complaint.

**Interrogatory No. (8)**:    Please state those facts which support your belief that each of those persons or entities listed in your response to the preceding Interrogatory is or may be liable to the Plaintiffs.  This Interrogatory seeks the factual basis upon which you believe any other person, including but not limited to, co-Defendants, may be liable

to the Plaintiffs for the occurrences complained of in this case.  It requires more than a recitation of the allegation in Plaintiffs' Complaint against other co-Defendants.

**Interrogatory No. (9)**:     Have you, or has anyone on your behalf, taken the statement of any person with respect to the allegations set forth in the Complaint or your defenses thereto?  If so, please state:

(a)   The name, address and telephone number of the person who gave each such statement;

(b)   The date, or if the exact date is unknown, the approximate date when each such statement was given;

(c)   The name, address and telephone number of the person or persons to whom each such statement was given;

(d)   Whether each such statement was oral or written;

(e)   The substance of each such statement; and

(f)   If such statement was in written form, the name, address and telephone number of the persons currently in possession of such written statement.

**Interrogatory No. (10)**:     With respect to each and every expert whom you intend to call at the trial of this matter, please state:

(a)   The name, address and telephone number of each such expert;

(b)   The subject matter on which each such expert is expected to testify;

(c)   The substance of the facts and opinions to which each such expert is expected to testify; and

(d)   A summary of those grounds for each such opinion.

**Interrogatory No. (11)**:   Please state the name, address and telephone number of each and every person whom you believe to be a potential witness at the trial of this case, and provide a summary of the facts which each such witness may be expected to testify.

**Interrogatory No. (12)**:   Please identify by title, description and substance each and every document and tangible item that you currently believe to be a potential exhibit at the trial of this case.

**Interrogatory No. (13)**:   Please identify, as that term is defined herein, each and every individual who participated in any manner in providing information used to respond to any discovery request contained in this First Set of Combined Discovery Requests herein and identify, as that term is defined herein, with regard to each response which individual provided any such information.

**Interrogatory No. (14)**:   Do you have any motion pictures, videotapes, or photographs concerning in any manner any aspect of this civil action, including those taken for surveillance purposes, regarding damages or otherwise, taken at any time following the accident?  If so, please state:

       (a)   the date, time and location on which each was taken;

       (b)   the name, occupation, address, telephone number and employer of the person or persons, who took each;

       (c)   the subject matter of each;

       (d)   the name, occupation, address, telephone number and employer of the present custodian of each;

       (e)   whether all tape or film has been preserved, and if not, what has been deleted, erased or otherwise destroyed and why each such section was deleted, erased or destroyed;

(f)  Please detail what information and what instructions were given to the person or entity hired or employed to obtain any motion pictures, videotapes, or photographs and identify, as that term is defined herein, who provided such information and instructions; and

(g)  Please produce each such motion picture, videotape or photograph described above.

**Interrogatory No. (15)**:   Please state whether any traffic citation, criminal warrant, criminal charges or indictments were issued against you or any of the other Defendants as a result of the crash described in the Complaint.

**Interrogatory No. (16)**:   If your answer to the above Interrogatory is in the affirmative, please state the following information for each such traffic citation, criminal warrant, criminal charge or indictment:

(a)  The case style and number or citation date and number;

(b)  The name and address of the person(s) signing and issuing the citation, warrant, criminal charge or indictment;

(c)  The specific disposition of the citation, warrant, criminal charge or indictment; and

(d)  If a monetary fine was assessed against you, the name, address and telephone number of the person or entity who paid the fine.

**Interrogatory No. (17)**:   Have you made any written or oral report or given any other notice concerning any of the occurrences complained of in this case to any insurance company or agent?

**Interrogatory No. (18)**:   If your answer to the preceding Interrogatory is in the affirmative, for each such report or notification state:

(a)  Date same was given;

(b)  Identity of the person to whom it was given;

(c)  Whether it was written or oral;

(d)  Contents of each said report or notification; and

(e)   Please produce a copy at the date and time specified herein of each report or notification if the same was in writing.

**Interrogatory No. (19)**:   Has any person (other than the Plaintiffs herein), corporation or insurance company filed a claim or complaint against you or put you on notice of claim for damages arising from the collision described in the Complaint?  If so, please identify any and all such persons, corporations and insurance companies and, if any such claim or complaint involved damage to another motor vehicle, please produce all photographs of the damages to such vehicle and copies of all damage reports (including repair estimates).

**Interrogatory No. (20)**:   Please state the exact nature of your business and of your relationship with the other defendants, at the time of the crash and currently.

**Interrogatory No. (21)**:   Please identify Daniel J. Saraiva's employer at the time of the collision described in the Complaint.

**Interrogatory No. (22)**:   Please describe in detail Daniel J. Saraiva's entire employment history with you including the following specific information:

(a)   His initial date of hire;

(b)   His job title and job description (including his customary job duties) at the time of the collision described in the Complaint, and the period of time that he held such job title and/or had such job description;

(c)   The duties and/or task he was performing for you at the time of the collision;

(d)   His immediate supervisor at the time of the collision; and

(e)   All prior job titles and job descriptions he had with you, including the dates he held each such job title or had such job description.

**Interrogatory No. (23)**:   Please state Defendant Daniel J. Saraiva's intended destination immediately prior to the happening of the crash described in the Complaint.

**Interrogatory No. (24):**   Please list all goods, materials and other items that the Tractor-Trailer was carrying/transporting at the time of the crash described in the Complaint.

**Interrogatory No. (25):**   What was the weight of the Tractor-Trailer at the time of the crash?

## REQUESTS FOR PRODUCTION

Please produce the following documents and tangible things:

**REQUEST NO. 1:**   Copies of any and all policies of insurance, including any and all primary, umbrella and excess policies, which cover or may cover the Defendant and/or Defendant Saraiva for any or all of the allegations set forth in the Complaint filed in this case.

**REQUEST NO. 2:**   If there has been a denial of coverage in any manner or a reservation of rights by any insurance carrier, copies of all correspondence, memorandums, or any other documents relating to any communications between you, your attorney, and the insurance carrier, or any other person, relating to the denial of coverage or reservation of rights.

**REQUEST NO. 3:**   All photographs of the scene, of the vehicles involved (including the 2016 International Truck Tractor (VIN # 3HSDJAPR5GN285389) with attached semi-trailer (the "Tractor-Trailer"), the Plaintiffs' Nissan, the other vehicles identified in the WV Uniform Crash Report, etc.), of the parties involved, and any other factual matter relating to this civil action, taken the day of the crash or anytime thereafter.

**REQUEST NO. 4:**   All job descriptions and other writings that describe or set forth each and every job and position that Defendant Daniel J. Saraiva has ever performed for and/or had with Defendant and/or any of Defendant's parent companies and/or subsidiaries.

**REQUEST NO. 5:**   Copies of all agreements, contracts of employment and other documents, that govern, set forth or otherwise bear on the issue of Daniel J. Saraiva's

employer and/or the "course and scope of employment" for which Defendant Daniel J. Saraiva was employed at the time of the crash.

**REQUEST NO. 6:** Copies of all agreements and other documents that govern, set forth or otherwise discuss Defendant's relationship with the other Defendants at the time of the crash.

**REQUEST NO. 7:** All written, taped, electronic or mechanically reproduced statements made by or on behalf of any Defendant or Plaintiff in this case regarding the crash, damages and/or that otherwise relate to the subject matter of this civil action.

**REQUEST NO. 8:** All written, taped, electronic or mechanically reproduced statements made by any witness to the crash or other person relating to the subject matter of this civil action.

**REQUEST NO. 9:** To the extent not previously produced, all writings, records, memoranda, notes, or other materials that relate to any and all statements made by or on behalf of any Defendant or Plaintiff in this case, or any person, relating to subject matter of this civil action.

**REQUEST NO. 10:** Copies of any and all medical records, reports, opinions and other documents that were in your care, custody, possession or control at or prior to the time of the crash that relate to Defendant Daniel J. Saraiva and/or his fitness or ability to operate a commercial vehicle.

**REQUEST NO. 11:** Copies of all medical records and reports regarding any evaluations or care rendered to Defendant Daniel J. Saraiva at any time from January 1, 2020, through August 10, 2020.

**REQUEST NO. 12:** Copies of the certificate of title, registration and latest tag receipt for the Tractor-Trailer that was involved in the subject crash.

12

**REQUEST NO. 13:** Copies of any and all contracts, agreements or other writings relating in any way to the ownership, lease and right to control or use the Tractor-Trailer at the time of the crash.

**REQUEST NO. 14:** Copies of all purchase and sale records, contracts and other documents relating to any sale, transfer of title or other disposition of the Tractor-Trailer subsequent to the time of the crash.

**REQUEST NO. 15:** Copies of Defendant Daniel J. Saraiva's driver's licenses presently in effect and in effect at the time of the crash that is the subject matter of this lawsuit.

**REQUEST NO. 16:** Copies of Defendant Daniel J. Saraiva's driving record.

**REQUEST NO. 17:** Copies of Defendant Daniel J. Saraiva's social security card.

**REQUEST NO. 18:** Copies of any and all traffic crash reports and/or incident reports (including all photographs, videos and statements taken in connection with such reports) relating in any way to the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 19:** A copy of the MC-50 B or T prepared as a result of the crash.

**REQUEST NO. 20:** Copies of any and all appraisals, estimates, invoices, and other documents (including payment records and photographs) pertaining to the amount, cost or extent of the damage to the Defendants' Tractor-Trailer, the Plaintiffs' 2016 Nissan Rogue, the other vehicles described in the WV Uniform Traffic Crash Report, or to other property, sustained or suffered as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 21:** Copies of any and all repair bills and invoices and similar documentation relating to the Defendants' Tractor-Trailer, the Plaintiffs' vehicle, the other

vehicles described in the WV Uniform Traffic Crash Report, or to other property damage or related expenses sustained or suffered as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 22:** All photographs, movies, motion pictures, slides, films, videotapes, audiotapes, records, reports and other writings or recorded representations relating to any aspect of this civil action, including, but not limited to, those taken for surveillance purposes regarding damages or otherwise.

**REQUEST NO. 23:** Copies of any citations, fine payments and other records, reports or other evidence of charges of any violation of law Defendant Daniel J. Saraiva received as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 24:** Copies of all records, reports, forms or other written evidence of the disposition of any citations or charges of any violation of law Defendant Daniel J. Saraiva received as a result of the crash or events surrounding the crash that is the subject matter of this lawsuit.

**REQUEST NO. 25:** Copies of any and all agreements the Defendants have made with anyone that would limit that party's liability to anyone for any of the damages in this case.

**REQUEST NO. 26:** Copies of any and all claims indexes or similar documents relating to the subject crash, the Plaintiff and/or the Defendant's claims history.

**REQUEST NO. 27:** Any and all documents pertaining to the load being carried at the time of the crash including but not limited to, all bills of lading, weigh station tickets and receipts, contracts, toll receipts, broker documents, and food, drink, lodging and fuel receipts.

**REQUEST NO. 28:** Defendant Daniel J. Saraiva's complete application for employment, including but not limited to the application required under Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.21.

**REQUEST NO. 29:** Complete and clearly readable copies of the "Driver Personnel File", DOT, training, human resource, risk management, safety and all other files concerning Defendant Daniel J. Saraiva's services, from initial contract or employment with you or any other Defendant to the present date, including but not limited to the following documents:

    (a)   Applications for employment, owner/operator or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document, regardless of subject, description, or form, relative to Defendant Daniel J. Saraiva or the services performed by Defendant Daniel J. Saraiva.

    (b)   Hiring, suspension, termination, warning notices, complaints, letters, memorandums, and any other similar type documents relative to Defendant Daniel J. Saraiva.

    (c)   Prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records, inclusive of cargo shortage or damage reports, along with all documents related to each such sickness, incident or accident that relate to Defendant, Daniel J. Saraiva.

    (d)   All reports or warnings from Law Enforcement agencies, terminal audits, roadside equipment and/or driver inspection reports, traffic citations or warnings, inclusive of any of Defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by Defendant Daniel J. Saraiva.

**REQUEST NO. 30:** Complete and clearly readable copies of the "Driver Qualification File", maintained by you and/or any of your parent companies and/or subsidiaries, as required under "Code of Federal Regulations", Title 49 – Transportation, U.S. Department of Transportation, Chapter 3, Federal Motor Carrier Safety

Administration, Subchapter B – Parts 382 through 397 titled the Federal Motor Carriers

Safety Regulations (FMCSR) in effect on the date of the incident in question, including,

but not limited to, the following documents:

(a) Any pre-employment questionnaires or other documents secured from Defendant Daniel J. Saraiva prior to employment.

(b) Any and all completed applications for employment secured both before and/or after the actual date of contract or employment of Defendant Daniel J. Saraiva.

(c) All medical examinations, drug tests and certification of medical examinations inclusive of expired and non-expired documents relative to Defendant Daniel J. Saraiva.

(d) All of Defendant Daniel J. Saraiva's annual violation statements which should include one for each twelve months of contract or employment with you and/or any other the other Defendants.

(e) All actual driver's motor carrier tests administered to Defendant Daniel J. Saraiva.

(f) All actual driver's motor carrier written tests administered to Defendant Daniel J. Saraiva.

(g) All road and written test certificates issued by Defendant or any other motor carriers or organizations to Daniel J. Saraiva regardless of the date issued or the originator of such certificates.

(h) All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. Mail, personal contact or telephone inquiries and results directed to or received by you or any other Defendant from past employers of Defendant Daniel J. Saraiva.

(i) All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by your or any other Defendant from any local, state or federal governmental agencies, or other organizations, relative to Defendant Daniel J. Saraiva's traffic, crash and/or accident record.

(j) Copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of any of the Defendants, regardless of card issuance date or origin. This

specifically includes cards, as previously described herein, issued by other motor carriers to Defendant Daniel J. Saraiva presently in their possession.

(k)     All annual reviews, file reviews of file summaries and related documents found in the driver qualification file of Defendant Daniel J. Saraiva.

(l)     All documents relative to any drug testing of Defendant Daniel J. Saraiva regardless of date and time, in your possession, custody or control.

(m)     Any and all other contents of Defendant Daniel J. Saraiva's "Driver Qualification File" regardless of subject, form, purpose, originator, receiver, title or description.

**REQUEST NO. 31:** Complete and clearly readable copies of any and all other documents added to Defendant Daniel J. Saraiva's "Driver Qualification File" from the date of crash to the present date, as presently maintained by the Defendant. Please identify and produce such documents separate and apart from documents requested in Request No. 30 herein).

**REQUEST NO. 32:** A list that identifies all employees, independent contractors and other persons who operated tractor-trailers or other commercial vehicles for you at any time during the past ten (10) years.

**REQUEST NO. 33:** The driving records and driver qualification files for all of the persons identified in the list requested in the preceding Request.

**REQUEST NO. 34:** Any and all inquiries and responses to state driving agencies and prior employers of Defendant Daniel J. Saraiva made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.23.

**REQUEST NO. 35:** Any and all inquiries and responses concerning annual reviews of driving records and records of violations regarding Defendant Daniel J. Saraiva

made pursuant to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Part 391.25 and 391.27.

**REQUEST NO. 36:** The logs and records commonly known as "Driver's Daily Logs," "Records of Duty Status," "ELD records," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning Defendant Daniel J. Saraiva for the period commencing six (6) months prior to the crash described in the Complaint to and including thirty (30) days after the date of the crash described in the Complaint.

**REQUEST NO. 37:** All logs and records commonly known as "Driver's Daily Logs," "Records of Duty Status," "ELD records," "MCS-139," "MCS-139A," "grid sheets" or "Driver's Multi-Day Logs," concerning Defendant Daniel J. Saraiva.

**REQUEST NO. 38:** Complete and clearly readable copies of all trip and/or operational documents pertaining to the movement of cargo by Defendant Daniel J. Saraiva and/or any of his accompanying co-driver(s) or driver trainers from 30 days before the crash through the delivery date and time of the cargo he may have been transporting at the time the crash occurred. Including but not limited to the following documents:

    (a)    Complete and clearly readable copies of trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by Defendant, Daniel J. Saraiva to Defendant inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status."

    (b)    Complete and clearly readable copies of all receipts for any trip expenses or purchases made by Defendant Daniel J. Saraiva during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll road receipts, loading or unloading costs, and all otherwise described receipts regardless of the type of objects or services purchased for the period commencing 6 months prior to the crash to 30 days after the crash.

18

(c)     Complete and clearly readable copies of all cargo pickup or delivery documents prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of Defendant driver, Daniel J. Saraiva.

(d)     Complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo for the Defendant and/or any of the Defendant's parent companies and/or subsidiaries. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup and/or delivery that are relative to the operations of cargo transported by Defendant Daniel J. Saraiva.

(e)     Complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of Defendant Daniel J. Saraiva.

(f)     Complete and clearly readable copies of all cargo transported freight bills, Pro's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of the pick up or delivery of cargo by Defendant Daniel J. Saraiva.

(g)     Complete and clearly readable copies of all written instructions, orders or advice given to Defendant Daniel J. Saraiva in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by Defendant and/or any of Defendant's parent companies and/or subsidiaries, shippers, receivers or any other persons or organizations.

(h)     Complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of Defendant Daniel J. Saraiva.

     (i)     Complete and clearly readable copies of any driver call-in records or otherwise described written records indicating any communications between the Defendant and/or any of the Defendant's parent companies and/or subsidiaries and Defendant Daniel J. Saraiva.

     (j)     Any and all E-Z Pass or other toll reports and or records for the month of August 2020 for any and all tractors operated by Defendant Daniel J. Saraiva.

**REQUEST NO. 39:** Any and all results of any random, "reasonable cause," pre-employment, biennial, and post-crash or post-accident drug and alcohol testing conducted of Defendant Daniel J. Saraiva at any time.

**REQUEST NO. 40:** A copy of any Accident Register or master ledger of accidents which you maintain. Plaintiffs seek all such registers for the three (3) years immediately prior to the crash through and including the date of the crash.

**REQUEST NO. 41:** Any and all call-in reports or "accident call records" generated pertaining to the crash.

**REQUEST NO. 42:** The original raw data and copies of any and all printouts of any on-board recording device, an on-board computer, tachograph, trip monitor, trip recorder, trip master, or device known by any other name which records information concerning the operation of the 2016 International Truck Tractor described in the Complaint for the period commencing 30 days before the crash through and including 10 days after the crash.

**REQUEST NO. 43:** Copies of any and all daily vehicle inspection reports concerning the Tractor-Trailer for the 60 days prior to the crash, through and including the 10 days after the crash.

**REQUEST NO. 44:** Copies of the complete maintenance records for the Tractor-Trailer for the 1 year prior to and including the crash.

**REQUEST NO. 45:** Copies of all lease, rental and/or other agreements regarding the truck, trailer and/or the driver involved in the crash that were applicable at the time of the crash.

**REQUEST NO. 46:** Complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording documents or records" such as QualComm, HighwayMaster, American Mobile Satellite Corp., OmniTracs, or similar organization's records, along with any tractor trip recorder computer generated documents, tachograph charts, computer generated trip printouts or any otherwise described documents generated by whatever means, in reference to the physical movement and geographical locations at certain times and dates of the tractor and/or trailer involved in the crash, for the two weeks prior to the crash forming the basis for this suit through two weeks subsequent to the crash forming the basis for this suit (date of crash inclusive). This request specifically includes Defendant's records from any of the above vehicular movement recordings and interactive satellite communications networks linking every vehicle in its fleet.

**REQUEST NO. 47:** Copies of any and all DOT and State agency reviews of your company, for the period commencing 10 years prior to this crash to the present time.

**REQUEST NO. 48:** All claim forms and correspondence concerning this crash from the owner of the property being transported by you at the time of the crash.

**REQUEST NO. 49:** Copies of all documents, correspondence, and reports sent to or received from any federal, state, or local regulatory agency pertaining to this crash.

**REQUEST NO. 50:** A copy of all documents showing your authority to operate commercial trucks within the State of West Virginia, at the time of the crash through the present.

**REQUEST NO. 51:** Copies of all driver's manuals, Defendant company manuals, and other materials pertaining to any company, federal, or state rules, in effect at the time of the crash described in Plaintiffs' Complaint.

**REQUEST NO. 52:** Any and all safety training provided by or for the Defendant to its truck drivers at any time from January 1, 2019, through the present.   If there are multiple products that have been revised or changed, please include copies of both before and after training. Include the style and/or manner of the training (video, online class, live lecture, paper distribution, employee handbook, etc.) and whether the training required a completion certificate of the employees.

**REQUEST NO. 53:** Any and all written safety policies, procedures and/or other rules that the Defendant had in place at any time from January 1, 2019, to the present that relate to the safe operation of commercial vehicles and/or tractor-trailers (including documentation of all amendments, modifications and changes to such policies).

**REQUEST NO. 54:** All telephone records and other documents reflecting the use of any mobile telephone or device Defendant Daniel J. Saraiva used during the months of July and August 2020.

**REQUEST NO. 55:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the hiring of commercial truck drivers. If said policies and procedures changed at any time, please provide the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 56:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the

training of commercial truck drivers. If said policies and procedures changed, please include the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 57:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the supervision of commercial truck drivers. If said policies and procedures changed, please include the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 58:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding the discipline of commercial truck drivers. If said policies and procedures changed, please include the date(s) of any amendments or changes to said policies and procedures.

**REQUEST NO. 59:** Any and all written policies and/or procedures that the Defendant had in effect at any time from January 1, 2019, to the present regarding any incentive program for commercial truck drivers. If said policies and procedures changed, pleased include the date(s) of any amendments or changes to said policies and procedures.

## REQUESTS FOR ADMISSION

Please ADMIT or DENY the following Requests for Admission in accordance with Rule 36 of the West Virginia Rules of Civil Procedure:

### REQUEST NO. 1:

*Admit or deny* that you have no written policies and procedures, policy and procedure update transmittals and/or memorandum that you give to employees at your company.

### REQUEST NO. 2:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on safety practices for employees at your company.

### REQUEST NO. 3:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on hiring practices at your company regarding your drivers.

### REQUEST NO. 4:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on training practices at your company for your drivers.

### REQUEST NO. 5:

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on supervision practices of your drivers at your company.

24

**REQUEST NO. 6:**

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on disciplinary practices for your drivers at your company.

**REQUEST NO. 7:**

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on termination of employment practices at your company regarding your employees.

**REQUEST NO. 8:**

*Admit or deny* that you have no written criteria, (i.e., policies and procedures, policy and procedure update transmittals and/or memorandum) on bonus or incentive practices at your company regarding your employees.

**REQUEST NO. 9:**

*Admit or deny* that you downloaded the electronic control monitor of the tractor that Defendant Daniel J. Saraiva was driving at the time of the crash described in the Complaint.

**REQUEST NO. 10:**

*Admit or deny* that you attempted to download the electronic control monitor of the tractor that Defendant Daniel J. Saraiva was driving at the time of the crash described in the Complaint.

**REQUEST NO. 11:**

*Admit or deny* that in 2020, including on the date of the crash described in the Complaint, you required Defendant Daniel J. Saraiva to keep track of his on-duty hours.

**REQUEST NO. 12:**

*Admit or deny* that you are in possession of Defendant Daniel J. Saraiva's on-duty hours for two weeks prior to the crash date through one week after the crash date.

**REQUEST NO. 13:**

*Admit or deny* that you maintain a communications or dispatch log for all terminal – driver communications.

**REQUEST NO. 14:**

*Admit or deny* that prior to the crash described in the Complaint you provided a cellular telephone to Defendant driver, Daniel J. Saraiva.

**REQUEST NO. 15:**

*Admit or deny* that on and before the date of the crash described in the Complaint you required your drivers to possess a cellular telephone while operating your trucks.

**REQUEST NO. 16:**

*Admit or deny* that Defendant Daniel J. Saraiva called you after the crash described in the Complaint.

**REQUEST NO. 17:**

*Admit or deny* that you require your drivers to complete a pre-trip safety inspection at the beginning of the work day.

**REQUEST NO. 18:**

*Admit or deny* that you provide your drivers a form to complete their pre-trip safety inspection at the beginning of the work day.

**REQUEST NO. 19:**

*Admit or deny* that you are in possession of a completed pre-trip safety inspection from August 9, 2020.

**REQUEST NO. 20:**

*Admit or deny* that you require your drivers to complete a post-trip safety inspection at the end of the work day.

**REQUEST NO. 21:**

*Admit or deny* that you provide your drivers a form to complete their post-trip safety inspection at the end of the work day.

**REQUEST NO. 22:**

*Admit or deny* that you are in possession of a completed post-trip safety inspection form from the date of the crash for the tractor-trailer Defendant Daniel J. Saraiva was driving.

**REQUEST NO. 23:**

*Admit or deny* that you obtained a written statement of Defendant Daniel J. Saraiva regarding Mr. Saraiva's explanation of the events leading up to the crash described in the Complaint.

**REQUEST NO. 24:**

*Admit or deny* that you obtained a recorded statement of Defendant Daniel J. Saraiva regarding Mr. Saraiva's explanation of the events leading up to the crash described in the Complaint.

**REQUEST NO. 25:**

*Admit or deny* that your insurance carrier obtained a written statement of Defendant Daniel J. Saraiva regarding Mr. Saraiva's explanation of the events leading up to the crash described in the Complaint.

**REQUEST NO. 26:**

*Admit or deny* that you terminated Daniel J. Saraiva as a result of the crash of

August 9, 2020.

Plaintiffs,
By Counsel

Paul R. Cranston (W.Va. Bar #5191)
**CRANSTON & EDWARDS, PLLC**
Dorsey Avenue Professional Bldg.
1200 Dorsey Avenue, Suite II
Morgantown, West Virginia 26501
Telephone: (304) 296-3500
Facsimile: (304) 296-3600

28

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0003 4585 66

KORDUN EXPRESS, INC.
BIJANA MIMIC
765 IL ROUTE 83, STE. 115
BENSENVILLE, IL 60106



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

**Control Number:** 288286

**Defendant:** KORDUN EXPRESS, INC.
765 IL ROUTE 83, STE. 115
BENSENVILLE, IL 60106 US

**Agent:** BIJANA MIMIC

**County:** Monongalia

**Civil Action:** 22-C-22

**Certified Number:** 92148901125134100003458566

**Service Date:** 2/15/2022

I am enclosing:

**1 discovery, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any
questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the
Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS
IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA



**KASANDRA L. SPRIGGS, ABRAM T. BERG, a minor
by his mother and legal guardian, Kasandra L. Spriggs, and
PARKER E. BERG, a minor by his mother and legal guardian
Kasandra L. Spriggs**

**Plaintiff,**

vs.

**Civil Action Number 22-C-22**

**KORDUN EXPRESS, INC.**
c/o Bijana Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**FLOYD INC,**
c/o Aleksander Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**SUPER EGO LOGISTICS, LLC**
c/o Aleksander Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**CO LINES, INC**
c/o Zoran Nikolovski
611 Vandustrial Dr., STE B, Westmont, IL 60559

**TIME LOGISTICS, INC.**
c/o Olivera Antonijevic
1550 E. Higgins Rd. #118, Elk Grove Village, IL 60007

**DANIEL J. SARAIVA**
11450 SPC Blvd, Orlando, FL 32837

**Defendants.**

TO THE ABOVE-NAMED DEFENDANT(s):

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Paul R. Cranston, Esq., Plaintiff's Attorney's,** whose address is, **1200 Dorsey Ave., Suite II, Morgantown, WV 26501** an answer, including any related counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the date of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED: 2/9/22

JEAN FRIEND, Clerk of the Circuit Court

By: _____
                    Deputy Clerk

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 4585 59

FLOYD INC.
ALEKSANDER MIMIC
765 IL ROUTE 83, STE. 115
BENSENVILLE, IL 60106

| | |
|---|---|
| **Control Number:** 288285 | **Agent:** ALEKSANDER MIMIC |
| **Defendant:** FLOYD INC. | **County:** Monongalia |
| 765 IL ROUTE 83, STE. 115 | **Civil Action:** 22-C-22 |
| BENSENVILLE, IL 60106 US | **Certified Number:** 92148901125134100003458559 |
| | **Service Date:** 2/15/2022 |

I am enclosing:

**1 discovery, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS

### IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA



**KASANDRA L. SPRIGGS, ABRAM T. BERG, a minor
by his mother and legal guardian, Kasandra L. Spriggs, and
PARKER E. BERG, a minor by his mother and legal guardian
Kasandra L. Spriggs**

**Plaintiff,**

vs.                                                         **Civil Action Number 22-C-22**

**KORDUN EXPRESS, INC.**
c/o Bijana Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**FLOYD INC,**
c/o Aleksander Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**SUPER EGO LOGISTICS, LLC**
c/o Aleksander Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**CO LINES, INC**
c/o Zoran Nikolovski
611 Vandustrial Dr., STE B, Westmont, IL 60559

TIME LOGISTICS, INC.
c/o Olivera Antonijevic
1550 E. Higgins Rd. #118, Elk Grove Village, IL 60007

DANIEL J. SARAIVA
11450 SPC Blvd, Orlando, FL 32837

**Defendants.**

TO THE ABOVE-NAMED DEFENDANT(s):

   **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon **Paul R. Cranston, Esq., Plaintiff's Attorney's,** whose address is, **1200 Dorsey Ave., Suite II, Morgantown, WV 26501** an answer, including any related counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the date of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED:  2/9/22

JEAN FRIEND, Clerk of the Circuit Court

By: _____
                    Deputy Clerk

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 4585 42

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

SUPER EGO LOGISTICS, LLC
ALEKSANDER MIMIC
765 IL ROUTE 83, STE. 115
BENSENVILLE, IL 60106

**Control Number:** 288284

**Defendant:** SUPER EGO LOGISTICS, LLC
765 IL ROUTE 83, STE. 115
BENSENVILLE, IL 60106 US

**Agent:** ALEKSANDER MIMIC

**County:** Monongalia

**Civil Action:** 22-C-22

**Certified Number:** 92148901125134100003458542

**Service Date:** 2/15/2022

I am enclosing:

**1 discovery, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS
## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA



**KASANDRA L. SPRIGGS, ABRAM T. BERG, a minor**
**by his mother and legal guardian, Kasandra L. Spriggs, and**
**PARKER E. BERG, a minor by his mother and legal guardian**
**Kasandra L. Spriggs**

                             **Plaintiff,**

vs.                                    **Civil Action Number 22-C-22**

**KORDUN EXPRESS, INC.**
c/o Bijana Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**FLOYD INC,**
c/o Aleksander Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**SUPER EGO LOGISTICS, LLC**
c/o Aleksander Mimic
765 IL Route 83, STE 115, Bensenville, IL 60106,

**CO LINES, INC**
c/o Zoran Nikolovski
611 Vandustrial Dr., STE B, Westmont, IL 60559

**TIME LOGISTICS, INC.**
c/o Olivera Antonijevic
1550 E. Higgins Rd. #118, Elk Grove Village, IL 60007

**DANIEL J. SARAIVA**
11450 SPC Blvd, Orlando, FL 32837

                             **Defendants.**

TO THE ABOVE-NAMED DEFENDANT(s):

    **IN THE NAME OF THE STATE OF WEST VIRGINIA**, you are hereby summoned and required to serve upon **Paul R. Cranston, Esq., Plaintiff's Attorney's**, whose address is, **1200 Dorsey Ave., Suite II, Morgantown, WV 26501** an answer, including any related counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your answer within **30 days** after service of this summons upon you, exclusive of the date of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED: 2/9/22

                             JEAN FRIEND, Clerk of the Circuit Court

By: _____
                             Deputy Clerk

# IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KASANDRA L. SPRIGGS,
ABRAM T. BERG, a minor by his mother and
legal guardian, Kasandra L. Spriggs,
PARKER E. BERG, a minor by his mother and
legal guardian, Kasandra L. Spriggs,

        Plaintiff,

v.

KORDUN EXPRESS, INC., FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC.,
TIME LOGISTICS, INC., and
DANIEL L. SARAIVA,

        Defendant.

CIVIL ACTION NO. 22-C-22
(Honorable Susan B. Tucker)

## ANSWER AS AUTHORIZED UNDER THE UNDERINSURED MOTORIST PROVISIONS OF MD. CODE ANN., INS., § 19-509  AND MARYLAND RULE 2-232 BY GOVERNMENT EMPLOYEES INSURANCE  COMPANY IN RESPONSE TO SERVICE OF FIRST AMENDED COMPLAINT

COMES NOW, GEICO Casualty Company (hereinafter "GEICO"), to the above-styled civil action, by counsel, Christopher M. Settles, Esq. and the Law Office of Christopher M. Settles, in answer and response to Plaintiffs' service of the First Amended Complaint heretofore filed herein upon said Company, and states and alleges the following:

1. GEICO hereby acknowledges receipt of the Summons and First Amended Complaint served upon it by counsel for the Plaintiffs as notice of a potential underinsured motorist claim against the policy of automobile insurance number 4514401746 issued to Kasandra Spriggs.

2. GEICO hereby answers and otherwise responds to service of the First Amended Complaint for purposes of asserting any and all policy defenses it may have against the Plaintiffs under Policy No. 4514401746, as is authorized under MD. CODE ANN., INS., § 19-509 .

3.   GEICO by making an appearance and filing an answer herein, is not admitting that underinsured motorist coverage is, in fact, available to Plaintiffs for the subject accident, but instead is filing its answer to preserve and protect its interests in the event it is so determined that said coverage is available to said Plaintiffs.

4.   GEICO by making an appearance and filing an answer herein is not admitting liability for the alleged injuries and damages suffered by Plaintiffs, but instead is filing this answer to preserve and protect its interests if it is so determined that the Plaintiffs are entitled to underinsured motorist coverage under Policy No. 4514401746 issued by GEICO to Kasandra Spriggs.

5.   GEICO hereby reserves its rights, to appear at trial in the name of any alleged underinsured motorist.

6.   GEICO maintains that if Defendants' vehicle liability policy limites exceeds Plaintiffs' underinsureance limits, if said underinsured coverage was purchased, then Defendants' vehicle is not an underinsured vehicle pursuant to MD. CODE. ANN., INS, § 19-509, and therefore, Plaintiffs cannot maintain an underinsurance claim.

7.   GEICO, not having been fully advised as to all the facts and circumstances which form the basis of the First Amended Complaint, is without sufficient knowledge or information to admit or deny the allegations in said First Amended Complaint, and therefore denies the same. GEICO generally denies liability for the claims commenced agianst it pursuant to Md. Rule 2-323. GEICO incorporates by reference the defenses, if any, as set forth in any answer which may be filed or which may have been filed by or for the named Defendants.  GEICO further reserves unto itself in this regard, any and all affirmative defenses and/or other matters, whether legal or factual, which may constitute an avoidance or affirmative defense as the same is contemplated by Rule 8(c) of the West Virginia Rules of Civil Procedure and which may be applicable under the facts and circumstances of this civil action.

8.     GEICO files this response to the filing of Plaintiffs' First Amended Complaint without waiving any jurisdictional, coverage, or other defects arising out of the filing of said First Amended Complaint.

## DEFENSES

1.     For a first, separate and distinct defense, GEICO denies each and every allegation of the First Amended Complaint not specifically admitted herein.

2.     For a second, separate and distinct defense, GEICO asserts that the First Amended Complaint fails to state a claim upon which relief can be granted.

3.     For a third, separate and distinct defense, GEICO asserts that to the extent that any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, the following affirmative defenses are hereby invoked: accord and satisfaction; arbitration and award; contributory negligence; comparative negligence; assumption of the risk; discharge and bankruptcy; duress; waiver; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of repose; acquiescence; running of the statute of limitations; sudden emergency doctrine; failure to wear seatbelt; lack of personal jurisdiction; lack of service of process; improper service of process; improper venue; improper notice and any other matter constituting an avoidance or affirmative defense.

4.     For a fourth, separate and distinct defense, GEICO states in the event that the alleged tortfeasor's liability policy exceeds the UIM limits, then by operation of MD. CODE. ANN., INS., § 19-509, UIM coverage is not available to the Plaintiffs.

5.    For a fifth, separate and distinct defense, this Defendant states that to the extent that Plaintiff's Complaint asserts or alleges that Plaintiff is entitled to recover punitive damages from Defendant, then Defendant asserts the following defenses:

1.    Plaintiff's claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

2.    Plaintiff's claim for punitive damages violates and are, therefore, barred by the provisions of the Constitution of the State of West Virginia, including but not limited to, Article 3, Sections 4, 5, 6 and 10, on grounds including the following:

(a) it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c) the procedures, pursuant to which punitive damages are awarded, failed to provide reasonable or substantive limit on the amount of the award against the defendant;

(d) the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages;

(e) the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts;

(f) the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum

criminal fine for the same or similar conduct;

(g) the procedure, pursuant to which punitive damages are awarded, permit the imposition of excessive fines;

(h) the award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(i) the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

3.     This Defendant did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless or egregious conduct; consequently, a sufficient factual basis does not exist to support a claim for punitive damages against this Defendant.

4.     No provision of West Virginia law provides adequate procedural safeguards consistent with the criteria of TXO Production Corp. v. Alliance Resources Corp., 113 S. Ct. 2711 (1993), Pacific Mutual Life Ins. Co. v. Haslip, et al. (U.S), 111 S. Ct. 1032 (1991) and Fleming Landfill, Inc. and John T. Fleming v. Julian Garnes and Sharon Garnes, 413 S.E.2d 897 (W.Va. 1991), for the imposition of a punitive damage award.

6.     For a sixth, separate and distinct defense, GEICO further reserves the right to assert any additional defenses which may become apparent as discovery proceeds in this action.

**WHEREFORE**, GEICO Casualty Company having acknowledged receipt of service of the Summons and Complaint filed herein and having responded thereto pursuant to the statutory provisions cited above, does further request that copies of any and all further pleadings and

documents filed in this action be served upon the undersigned counsel for GEICO Casualty

Company.

*Of Counsel for GEICO Casualty Company, the*
*alleged underinsured motorist carrier*

**Christopher M. Settles, Esq. WVSB 11891**
Law Office of Christopher M. Settles
Employees of Government Employees Insurance Company
Post Office Box 5218,
Charleston, West Virginia 25361
Telephone: 304-720-7586
Facsimile: 304-343-1684

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

KASANDRA L. SPRIGGS,
ABRAM T. BERG, a minor by his mother and
legal guardian, Kasandra L. Spriggs,
PARKER E. BERG, a minor by his mother and
legal guardian, Kasandra L. Spriggs,

CIVIL ACTION NO. 22-C-22
(Honorable Susan B. Tucker)

       Plaintiff,

v.

KORDUN EXPRESS, INC., FLOYD, INC.,
SUPER EGO LOGISTICS, LLC,
CO LINES, INC.,
TIME LOGISTICS, INC., and
DANIEL L. SARAIVA,

       Defendant.

## CERTIFICATE OF SERVICE

The undersigned, of counsel for defendant, GEICO Casualty Company, does hereby certify that the foregoing **Answer as authorized under the Underinsured Motorist Provisions of MD. CODE ANN., INS., § 19-509 and Maryland Rule 2-232 by Government Employees Insurance Company in response to Service of First Amended Complaint** has been served upon the following counsel of record by this day mailing to them true copies thereof:

Paul Cranston, Esq.
Cranston & Edwards, PLLC
1200 Dorsey Avenue, Suite II,
Morgantown, WV 26501
*Counsel for Plaintiff*
*Kasandra Spriggs*

Kordun Express, Inc.
c/o Biljana Mimic
765 Il. Rt. 83, Ste. 115
Bensenville, IL 60106
*Defendant*

Floyd Inc.
c/o Aleskandar Mimic
729 Il. Rt. 83. Ste 324
Bensenville, IL 60106
*Defendant*

Super EGO Logistics, LLC
c/o Aleskandar Mimic
729 Il. Rt. 83. Ste 324
Bensenville, IL 60106
*Defendant*

CO Lines, Inc.
c/o Zoran Mikolovski
611 Vandustrial Dr.. Ste B
Westmont, IL 60559
*Defendant*

Time Logistics, Inc.
1550 Higgins Rd., #118
Elk Grove Village, IL 60007
*Defendant*

Daniel J. Saraiva
11450 SPC Boulevard
Orlando, FL 32837
*Defendant*

Done this 16th day of February, 2022.

CHRISTOPHER M. SETTLES

| PLAINTIFF(S): | KASANDRA L. SPRIGGS, ABRAM T. BERG, a minor by his mother and legal guardian, Kasandra L. Spriggs, PARKER E. BERG, a minor by his mother and legal guardian, Kasandra L. Spriggs | CASE NO: 22-C-22 |
|---|---|---|
| DEFENDANT(S): | KORDUN EXPRESS, INC., FLOYD, INC., SUPER EGO LOGISTICS, LLC, CO LINES, INC., TIME LOGISTICS, INC., AND DANIEL L. SARAIVA | |

**II. TYPE OF CASE**

| TORTS | | OTHER CIVIL | |
|---|---|---|---|
| ___ Asbestos | ___ Adoption | ___ Appeal from Magistrate Court |
| ___ Professional Malpractice | ___ Contract | ___ Petition for Modification of Magistrate Sentence |
| _X_ Personal Injury | ___ Real Property | ___ Miscellaneous Civil |
| ___ Product Liability | ___ Mental Health | ___ Other |
| ___ Other Tort | ___ Appeal of Administrative Agency | |

**III.   JURY DEMAND:**   _X_ YES        ___ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR)   _4/2023_

**IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?**        ___ YES     _X_ No

IF YES, PLEASE SPECIFY:

___ WHEELCHAIR ACCESSIBLE HEARING ROOM AND OTHER FACILITIES
___ INTERPRETER OR OTHER AUXILIARY AID FOR THE HEARING IMPAIRED
___ READER OR OTHER AUXILIARY AID FOR THE VISUALLY IMPAIRED
___ SPOKESPERSON OR OTHER AUXILIARY AID FOR THE SPEECH IMPAIRED
___ OTHER: _____

| Attorney Name: | Christopher M. Settles, Esq., WVSB 11891 | Representing: |
|---|---|---|
| Firm: | Law Office of Christopher M. Settles | ___ Plaintiffs  _X_ Defendant |
| Address: | Post Office Box 5218, | ___ Cross-Complainant |
| | Charleston, West Virginia 25361 | ___ Cross-Defendant |
| Telephone: | 304-720-7586 | Date: February 16, 2022 |

_Christopher M. Settles_
Signature